*1295 The opinion of the court was delivered by
Miller, J.
This is a suit for property alleged to have been acquired by plaintiff at a tax sale under an assessment against estate of Samuel Fasnacht. The defence is, there was no legal assessment of the property or notice to the owner of the sale, void, it is claimed, for the additional reason that for taxes amounting only to eighty dollars, the tax collector adjudicated property assessed at seven thousand five hundred dollars, the property embracing distinct portions, acquired under different titles, susceptible, it is claimed, of separate sale and sold at the tax sale in globo in violation of the constitutional requirement the offering and sale by the tax collector of the least portion capable of realizing the taxes due. From the judgment against plaintiff this appeal is prosecuted.
The titles by which the tax debtor, Samuel Fasnacht, acquired the property were and had been of record for years. They gave accurate descriptions, and the law requires assessments with reference to the recorded titles, or at least indicates the record as the sources of information for the successors. Acts of 1888, No. 7, Sec. 8. The assessment in this case undertook to blend in one description property the subject of distinct titles. The assessment was a tract measuring four hundred (400) feet on the Metairie road; on New Orleans shellroad, 443 feet 8 inches 3 lines; on an oblique line, 299 feet 7 inches; on rear line, parallel with New Orleans shellroad, 300 feet. It is, we think, manifest this does not locate property. With other defects neither the direction nor connection with any property of the oblique line is given, and the depth from the Metairie is not stated. The description is not at all aided by any reference to any ownership of the adjoining land. It is in proof that the tract fronting the Metairie bears a name, stated on the city map, and which it has borne for years. The requisites of an assessment are by its boundaries or divisions of United States surveys; if in cities the assessments should designate the lots according to the streets and squares, and if the land bears a name that is to be stated. Acts of 1888, Secs. 7, 8. The recorded titles state one of the portions intended to be embraced in this assessment, that is the Half-way House, as having 400 feet on the Metairie, by a depth between lines parallel to it of 400 feet; the front on the New Canal is 300 feet on a line parallel and 120 feet distant from it, and same extent in the rear; the other and adjoining portion is described as fronting 143 feet 8 inches 3 lines on the New *1296 Canal shellroad, triangular in form, with a depth of 262 feet 1 inch on the side toward the Metairie road, and adjoining the property of Read, purchased by the Oanal Bank from Redon. There is no reason why the description in the two recorded acts should not have been followed, and the assessment, deficient as it is, in our view, in material respects, can not be accepted as equivalent to the description in the deeds the law indicates as the guide.
There is the other objection to the tax sale that the property was adjudicated in its entirety, made up of two distinct portions, acquired by separate conveyances, that is to say, property for which over twenty-one thousand dollars was paid, and which was assessed at seven thousand five hundred dollars, was adjudicated for eighty dollars to pay an inconsiderable amount of taxes. It must appear difficult to maintain such a tax title. Without the stringent provision in the State Constitution, it is not likely such a title would stand. The gross inadequacy of price, of course not enough in itself to vitiate the sale, but with other elements, would militate seriously against any such title. As Burroughs puts it, dealing with statutory requisites not stronger, if as emphatic as our Constitution, requiring the least quantity to be sold, the same principle would be enforced by the courts if there was no statute. The general principle as to sales by sheriffs and tax collectors is often enforced on grounds of equity and reason, which forbids selling a whole tract when a few acres would be sufficient. Burroughs on Taxation, Chap. 15, Sec. 113. It would be more satisfactory if legislation had provided the method of division for sale by the tax collector of land assessed for taxes, inconsiderable in proportion to the value of the property. Still, we can not hold the constitutional requirement in this respect to be less stringent because of the absence of such legislation. In this case there were two distinct portions of property, each, too, susceptible of at least the division of setting apart the quantity apt to produce readily the sum required to discharge the small amount of unpaid taxes. We can not appreciate that any serious attempt was made to comply with the requirement of selling the least quantity. No specific quantity was offered. There is the statement in the deed that the entire property was the least quantity any one would purchase, and in the testimony that the collector first offered to sell a portion, and there being no bid he proceeded to sell the whole. This imports no compliance with his duty. That was to offer for adjudica *1297 tion a portion, so that the purchaser would know the extent and situation of the property proposed to be sold, and so that delivery could be made. Nothing of the kind was done or attempted.
The property was that of a succession, and it seems that the administrator and his attorney were present at the sale convened with the buyers; the attorney for the administrator testifies he understood the purchase was for the account of the succession, and it appears that the administrator offered to buy the tax title. All this it is claimed estops the succession from disputing that title. We do not find in any or all this conduct the basis for the alleged estoppel, least of all, that it was competent for the administrator or his attorney to surrender succession property by affirming a void tax sale. This view, too, disposes of the proposition advanced to support that title, that though present, neither pointed out any portion of the property to be sold. Their alleged omission, in this respect, did not authorize the sale attempted.
We have given attention to all the grounds urged in the brief and argument for plaintiff. What we have said disposes of the case.
It is therefore ordered, adjudged and decreed that the judgment of the lower court be and it is hereby affirmed at plaintiffs’ cost.