**DUNLAP et al. v. JEFFREY et al.**

No. 34698.

Supreme Court of Oklahoma.

July 7, 1953.

Rehearing Denied Sept. 15, 1953.

H. A. Ledbetter, Ardmore, for plaintiffs in error.

J. B. Moore, Ardmore, for defendants in error.

HALLEY, Chief Justice.

The ten acres of land involved herein, being the SE SE NE of Sec. 32–4–2, Carter County, Oklahoma, was conveyed by the Choctaw and Chickasaw Nations by patent to Charles J. Gill in February, 1917. On January 5, 1925, Charles J. Gill and wife conveyed this land to N. S. Walker, reserving all of the minerals. On October 1, 1928, N. S. Walker conveyed the land to O. K. Campbell, who is one and the same person as Olen Kenneth Campbell or Kenneth Campbell, except the mineral rights owned by Charles J. Gill. The surface rights were acquired by Campbell for the purpose of providing a home for his aged parents, but title was taken and remained in his name.

In 1937, Charles J. Gill died intestate, leaving a son, Ben Tom Gill, who became administrator of this estate, and eight other children as his heirs. In 1939 the land was sold for taxes to Carter County, and in

the same year was resold to W. I. McCarty, who took title for the use and benefit of Geo. D. Wilkes and Elsye Ve Dunlap (now Van Eaton).

When Kenneth Campbell learned that the land had been sold for taxes, he contacted the purchasers and found that they were interested only in the mineral rights and had *no interest in retaining the surface rights.* On December 2, 1939, Wilkes and Dunlap had W. I. McCarty, who held the legal title for them, execute a quit-claim deed to Campbell, purporting to convey all title to the land involved for a consideration of $25. O. K. Campbell and wife the same day executed a mineral deed to Geo. D. Wilkes and Elsye Ve Dunlap, conveying all the mineral rights in the ten acres in question.

In 1941, Campbell desired to sell the surface rights and found a purchaser, and the prospective purchaser required the release of a vendor's lien retained by Charles J. Gill in his conveyance of the surface rights to N. S. Walker. Campbell, Wilkes, and Dunlap petitioned the County Court administering the estate of Charles J. Gill for an order authorizing Ben Tom Gill, adminstrator, to execute a release of the vendor's lien. The County Court made such an order. Campbell paid Ben Tom Gill $15, and Geo. D. Wilkes and Elsye Ve Dunlap conveyed to Gill a one-fourth interest in the minerals under this ten acres. This mineral deed to Gill was executed on December 24, 1941, and the record does not reveal what consideration, if any, was given for it.

This action was commenced by the heirs of Charles J. Gill, deceased, in 1948, alleging that they were the owners of all of the minerals in and under the land involved, and that none of the defendants had any interest therein, and praying that the mineral deed from Campbell to Wilkes and Dunlap be cancelled, and also that the resale tax deed to McCarty be cancelled; and that all defendants (except James H. Jackson, who admittedly had acquired the surface rights) be barred from further asserting any interest in the land, and that the title to the mineral rights be quieted in the heirs of Charles J. Gill, and that the title to the surface rights be quieted in James H. Jack-

son. The defendants Wilkes and Dunlap answered and alleged ownership of three-fourths of the minerals, and alleged that a compromise and settlement had been made in December, 1941, with Ben Tom Gill, administrator of the estate of Charles J. Gill, deceased, whereby the plaintiffs were estopped from denying the ownership of a three-fourths interest in the minerals, and prayed that their title thereto be quieted. Wilkes and Dunlap filed a cross-petition in which it was admitted that the tax sale was void, but prayed that their title to three-fourths interest in the minerals be quieted as against the plaintiffs and the Board of County Commissioners of Carter County, who had filed an answer admitting that the tax sales were void and praying that the Board be decreed a perpetual lien against the land for all taxes due. The court found for the plaintiffs and rendered judgment for them for all of the minerals in the land, and for James J. Jackson as to the surface rights. The defendants Wilkes and Dunlap (now Van Eaton) have appealed, and base their argument upon the following:

(1) The trial court erred in not rendering judgment for plaintiffs in error on its special finding.

(2) The judgment of the trial court is contrary to the findings of fact and is not sustained by law.

Parties will be referred to as they appeared in the trial court.

It is admitted that the resale tax deed to W. I. McCarty, who held for the use and benefit of Wilkes and Dunlap, was void under the ruling of this court in Welborn v. Whitney, 190 Okl. 630, 126 P.2d 263, and in many subsequent cases.

■ Defendants claim that not until October 4, 1949, did plaintiffs claim that the tax deed was void. This contention is immaterial, since it is now conceded that the tax proceedings were void, and McCarty, Campbell, Wilkes and Dunlap acquired no interest in the minerals thereby and must rely upon the alleged compromise and settlement to sustain the present claim of Wilkes and Dunlap to a three-fourths interest in the minerals.

The defendants requested the court, nine days after the formal findings were made, to make their requested finding No. 10, which he did and which is as follows:

"The court further finds that the filing of the petition and the order of the court was in pursuance to a verbal compromise and settlement of the respective parties' rights in and to the land in controversy as to both the surface rights and the oil and gas rights and under said compromise and settlement Ben Tom Gill was acting as administrator of the estate of Charles J. Gill and that Ben Tom Gill received $15.00 in cash from O. K. Campbell and also received and accepted the mineral deed dated December 24, 1941, heretofore referred to in the findings, and in this connection the court finds that Ben Tom Gill was then administrator of the estate of Charles J. Gill and was acting in the capacity of administrator in accepting the $15.00 in money and the mineral deed to one-fourths interest in the oil and gas rights.

"Finding given; exceptions saved by plaintiffs.

"(Signed) John C. Caldwell, Dist. Judge."

The court concluded that the plea of estoppel by Wilkes and Dunlap is not applicable because the tax deed is admittedly void and without legal force or effect, and therefore is not capable of confirmation or ratification by any act of the parties.

A careful examination of the record submitted in this appeal fails to disclose that Ben Tom Gill was acting as administrator of the estate of Charles J. Gill, deceased, in the negotiations with the defendants or had any authority so to act, and also fails to show that he acted for the other heirs, each of whose rights were equal to his own. There was no evidence that the other eight heirs were present at any of the negotiations, consented thereto, or received any benefits therefrom. The defendants assert in their brief that Ben Tom Gill acted as administrator and for all of the heirs of Charles J. Gill, deceased, but the record fails to support this assertion, and no order was made by the County Court approving any compromise or settlement or indicating that the ownership of the mineral rights was being litigated.

Under 12 O.S.1951 § 957, it is clear that one appealing from a judgment of the District Court may present a case-made to this court "containing a statement of so much of the proceedings and evidence, or other matters in the action, as may be necessary to present the errors complained of to the Supreme Court", but the plaintiffs in error have elected to submit only a portion of the evidence and other matters relied upon to present the errors complained of to this court. We find that the portions of the record submitted are so incomplete that it is impossible to pass upon the issues urged for reversal. The plaintiffs in error are responsible for what is contained in the record, and the defendants in error suggested that the record be made more complete, but their suggestions were refused. We would not be justified in reversing a judgment because of a certain finding which appears to be in conflict with the judgment unless there was evidence in the record to sustain such finding and we find no such evidence here.

We have held several times that a finding without any evidence to sustain it will be set aside. Board v. Dill, 26 Okl. 104, 110 P. 1107, 29 L.R.A.,N.S., 1170; Turley v. Feebeck, 38 Okl. 257, 132 P. 889; Amer. National Bank of Stigler v. Funk, 68 Okl. 169, 172 P. 1078, L.R.A.1918F, 1137. All the findings of the court are supported by the portions of the record submitted to us, except Finding No. 10.

Plaintiffs in error plead equitable estoppel. One of the most recent cases defining the necessary elements of equitable estoppel is Fite v. Van Antwerp, 201 Okl. 126, 200 P.2d 439, 440. It is there announced:

"The essential elements of an 'equitable estoppel' are: First, there must be a false representation or concealment of facts; second, it must have been made with knowledge, actual or constructive, of the real facts;

third, the party to whom it was made must have been without knowledge, or the means of knowledge, of the real facts; fourth, it must have been made with the intention that it should be acted upon; fifth, the party to whom it was made must have relied on, or acted upon, it to his prejudice."

 The facts before us are not sufficient to enable plaintiffs in error to rely upon equitable estoppel. Since it is not shown that Ben Tom Gill was acting as administrator or with the consent of the remaining heirs when he accepted $15 in cash and a purported deed to one-fourth of the minerals in consideration for executing a release of the vendor's lien, his individual acts will not operate as an estoppel against him in his representative capacity. Wilkins v. McGehee, 86 Ga. 764, 13 S.E. 84.

 From the record we do not believe the administrator ever conceded that the tax deed was binding on the heirs of his father, but even if he had, we do not think the administrator can surrender property by affirming a void tax deed. This was the holding in Gulf States Land and Improvement Co. v. Succession of Fasnacht, 47 La.Ann. 1294, 17 So. 800, and we think it is correct.

Furthermore, we believe that this would be a transfer of an interest in real estate that belonged to the heirs, and that the administrator, Ben Tom Gill, had no right to dispose of it without going through the County Court; and from our reading of the evidence submitted in the record, there was nothing therein to indicate that Ben Tom Gill thought at any time that he was in any way relinquishing any claim the estate might have to all the mineral rights in this land. See 58 O.S.1951 §§ 411 and 485. He might have thought that the heirs did not have any mineral rights, by reason of the tax deed, but he did not intend at any time to transfer any interest to Wilkes and Dunlap. We know of no authority, and none has been pointed out to us, allowing an administrator to enter into a compromise and settlement which affects the disposition of an interest in real estate without having the property sold according to the statutes providing for the sale of real estate belonging to the heirs of a deceased person. Under any circumstances, it would have to have the approval of the probate court, which was not done in this case, and it is not contended that it was done. All that Ben Tom Gill did was to agree that an order should be made instructing him to execute the release of the vendor's lien as to the surface rights. There is no evidence that any of the other heirs than Ben Tom Gill had any information whatsoever about the transfer of these mineral rights.

The plaintiffs in error are entitled to recover nothing in this action, and the judgment of the trial court is affirmed.

HALLEY, C. J., JOHNSON, V. C. J., and CORN, O'NEAL, WILLIAMS and BLACKBIRD, JJ., concur.

DAVISON, J., dissents.