**Edith R. TRASK, Louise Waller, Petitioners,**

**v.**

**The Honorable W. Lee JOHNSON, Judge of the District Court in and for Tulsa County, State of Oklahoma, Respondent.**

**No. 43009.**

Supreme Court of Oklahoma.

March 25, 1969.

Farmer, Woolsey, Flippo & Bailey, by Lawrence Johnson, Tulsa, for petitioners.

G. T. Blankenship, Atty. Gen., Duane Lobaugh, Asst. Atty. Gen., Oklahoma City, for respondent.

LAVENDER, Judge.

In this original proceeding, the petitioners ask this court to issue, to the respondent Judge of the District Court of Tulsa County, a writ of mandamus requiring him to hear their appeal from an order of the Oklahoma Alcoholic Beverage Control Board (concerning licenses theretofore issued by that board to the petitioners) by trial de novo, as required by 37 O.S.1961 § 531, which, in addition to authorizing such an appeal, provides that "Such appeal shall consist of a trial de novo."

The respondent judge overruled the petitioners' oral motion for a trial de novo, specifically ruling that the procedure for judicial review of such an order is governed by the "Administrative Procedures Act" of 1963, which provides, in Section 21 thereof (75 O.S.Supp.1968 § 321), that "The review shall be conducted by the court without a jury and shall be confined to the record, except that in cases of alleged irregularities in procedure before the agency, not shown in the record, testimony thereon may be taken in the court."

It seems to be tacitly conceded by the respondent judge that, if the above-quoted provision of 37 O.S.1961 § 531 remains effective in spite of the subsequent enactment of the Administrative Procedures Act with its conflicting provision, above quoted, it would be his clear legal duty to hear the petitioners' appeal by trial de novo.

The petitioners' contention herein is that 37 O.S.1961 § 531 is a statute of special application, having application only to appeals from orders of the Oklahoma Alcoholic Beverage Control Board, whereas the other statute, cited by the respondent, is a statute of broad, general application; and that, therefore, under well-established principles of statutory construction, the conflicting provisions of the earlier statute of special application remain in effect as an exception to the later statute of general application.

The respondent contends that the Administrative Procedures Act of 1963, of which the statute that appears as 75 O.S. Supp.1968 § 321 is a part, is, itself, an enactment of special application, so that, whether the Oklahoma Alcoholic Beverage Control Act of 1959, of which the statute that appears as 37 O.S.1961 § 531 is a part, be considered as an enactment of general application or as an enactment of special application, the rules of statutory construction relied upon by the petitioners, as set

forth in the cases cited by them, have no application herein.

■ As we understand it, the rule most favorable to the petitioners, set forth in cases such as Smith v. Southwestern Bell Telephone Co. et al. (1960), Okl., 349 P.2d 646, 83 A.L.R.2d 454, that "Where there are two statutes upon the same subject, the earlier being special and the later general, the presumption is, in the absence of an express repeal, or an absolute incompatibility, that the special is to remain in force as an exception to the general," is in the nature of an exception to the general principle of statutory construction, set forth in cases such as In re Adoption of Lewis (1963), Okl., 380 P.2d 697, 700, that "The latest enactment in point of time on a matter will ordinarily prevail," and is an outgrowth of the basic principle of statutory construction that the primary object in construing a statute is to determine the intent of the legislative body in enacting it, and where two or more enactments are involved, the primary object is to determine the latest expression of the legislative will. A variation of this basic principle is set forth in the third paragraph of the court's syllabus to State ex rel. White et al., for the Use and Benefit of the Board of County Commissioners of Grady County, Oklahoma (1958), Okl., 327 P.2d 664—which involved a conflict between provisions of an act of special application and one of general application:

> "In construing an Act of the Legislature the intention of such body should always be given effect and where an Act is complete within itself, it should be held to govern the issues involved."

The same basic principle, varied with the circumstances, quoted from Hemmer v. United States, 204 F. 898, 123 C.C.A. 194, is stated by this court in Crosbie v. Partridge (1922), 85 Okl. 186, 205 P. 758, 762 (which involved several acts of Congress concerning Indians and Indian lands):

> " 'Privileges granted to a certain class by special act are not affected by inconsistent general legislation, *unless a contrary intent of the legislative body is clearly expressed or indubitably inferable therefrom.* But the special act and the general law stand together, the one as the law of the particular class and the other as the general rule.' " (Emphasis supplied here)

The basic principle of statutory construction, particularly where, as in the present instance, an exception from the operation of an act is claimed, is well-stated in the second paragraph of the court's syllabus to the case of Seventeen Hundred Peoria, Inc. v. City of Tulsa et al. (1966), Okl., 422 P.2d 840:

> "The rule of construction of statutes and ordinances, *to which all other rules are subordinate,* is to ascertain the intention of the enacting body, and this should ordinarily be done by consideration of the language of the statute or ordinance, and the courts should not read into a statute [or ordinance] exceptions not made therein." (Emphasis supplied)

The Administrative Procedures Act involved herein (House Bill No. 865 of the Twenty-ninth Oklahoma Legislature; Chapter 371 O.S.L.1963; 75 O.S.Supp. 1968 §§ 301 through 327) is, according to its title, "An act relating to administrative procedures; * * * and repealing conflicting laws." Except that certain provisions concerning "individual proceedings" are not applicable to hearing conducted by the State Personnel Board under a specific prior statute, or by the Commissioner of Public Safety under another specific prior statute (see Section 25 of the act, 75 O.S.Supp.1968 § 325 for this specific exception), all of the provisions of the act apply to *each* "agency" of the State of Oklahoma except "municipalities, counties, school districts, and other agencies of local government" and "specialized agencies, authorities, and entities created by the legislature, performing essentially local functions" (see Section 24 of the act, 75 O.S. Supp.1968 § 324, for this specific exception). Section 1 of the act (75 O.S.Supp. 1968 § 301) defines the term "agency," as

used in the act, as meaning "any state board, commission, department, authority, bureau or officer authorized by the constitution or statutes to make rules or to formulate orders, except: (a) The legislature or any branch, committee or officer thereof; (b) The courts; (c) The Oklahoma Tax Commission, Oklahoma Public Welfare Commission, Oklahoma State Highway Commission, and Oklahoma Corporation Commission, except with respect to Section 4(a) of this Act [which requires "each agency" to file copies of all rules adopted by it with the Secretary of State, the Speaker of the House of Representatives, and the President Pro Tempore of the Senate]; (d) The Pardon and Parole Board; (e) The Oklahoma Military Department; (f) The supervisory or administrative agency of any penal, mental, medical or eleemosynary institution, in respect to the institutional supervision, custody, control, care or treatment of inmates, prisoners, or patients therein; (g) The Board of Regents or employees of any university, college, or other institution of higher learning, except with respect to expulsion of any student for disciplinary reasons."

Section 27 of the Administrative Procedures Act expressly provides that "All laws or parts of laws in conflict herewith are hereby repealed to the extent of such conflict."

■ At the time of the enactment of the Administrative Procedures Act in 1963, there was a 1961 act in effect (75 O.S. 1961 §§ 251 through 257) which required every agency, including authorities, boards, commissions, departments, instrumentalities, offices, and officers, of the State of Oklahoma possessing rule-making powers to file copies of all of its rules or regulations (except those pertaining to the agency's internal operation and organization only, or concerning the internal management and operation only of an institution, or pertaining to proclamations of the Governor) with the Secretary of State and with the State Librarian and Archivist, and also provided for the publication of all such rules and regulations, but the only statutes concerning procedures before, and appeals from, or judicial review of the orders of, any of such state agencies were contained in various acts which (like the Oklahoma Alcoholic Beverage Control Act) applied to only one particular state agency. So, although Section 27 of the Administrative Procedures Act does not mention, *specifically,* any such prior act or statute, it must be construed—in order to have any meaning at all—as evidencing a legislative intent to repeal, or render inoperative, all provisions of all of such single-agency laws which are in conflict with the provisions of the Administrative Procedures Act.

■ From a consideration of all of the provisions of that 1963 act, we are convinced that the act is complete within itself and that it was the intent, purpose and object of the Legislature, in enacting it, to provide a *uniform* system of regulations concerning administrative procedures in and before, and judicial review of the actions of, all state boards, commissions, departments, authorities, bureaus and officers authorized by the Constitution or statutes to make "rules" or to formulate "orders" (as those terms are defined and used in the act) other than those specifically excepted, by the provisions of the act, from the operation thereof.

■ The Oklahoma Alcoholic Beverage Control Board is authorized, by the Oklahoma Alcoholic Beverage Control Act (37 O.S.1961 § 501 and following), to make "rules" and to formulate "orders" (as those terms are defined and used in the Administrative Procedures Act) and does not come within any of the exceptions specifically provided by the Administrative Procedures Act. The provision in 37 O.S.1961 § 531 that "Such appeal shall consist of a trial de novo" is in absolute conflict with the provision in Section 21 of the Administrative Procedures Act (75 O.S.Supp.1968 § 321) that the judicial review provided for in Sections 18 through 22 of the act

"shall be conducted by the court without a jury and shall be confined to the record," and, therefore, was superseded thereby.

Because of the legislative intent, so clearly expressed in the Administrative Procedures Act, the subordinate rules of statutory construction relied upon by the petitioners do not come into play in this instance, and the cases cited by the petitioners in support of such subordinate rules are not in point.

Since the quoted portion of 37 O.S. 1961 § 531 is no longer operative, it was not, and is not, the legal duty of the respondent district judge to hear the petitioners' appeal, involved herein, by trial de novo.

It is the judgment and order of this court that the writ of mandamus prayed for by the petitioners herein should be, and hereby is, denied.

All the Justices concur.