Noel D. ROBBINS (License No. 10244), Sam Lon Bryson (License No. 10669), Esther Bryson (License No. 6594), and Nellie Allen (License No. 9979), Plaintiffs in Error,

v.

OKLAHOMA ALCOHOLIC BEVERAGE CONTROL BOARD and Roy Parham, Director, Defendants in Error.

No. 42083.

Supreme Court of Oklahoma.

Nov. 25, 1969.

Berry & Berry, Morton Y. Loar, Oklahoma City, for plaintiffs in error.

G. T. Blankenship, Atty. Gen., Dale F. Crowder, Asst. Atty. Gen., for defendants in error.

BERRY, Vice Chief Justice.

The issues involved in this appeal concern a licensee's right to trial de novo on appeal to the district court, from a hearing before the Alcoholic Beverage Control Board; the qualifications of the hearing magistrate to hear the cause; and sufficiency of the record of the cause upon which the district court affirmed the action of the Board and its Director.

The statement of facts presented in plaintiffs in error's brief was adopted by defendants in error without modification. This court adopts these facts with only slight modifications.

The matters herein involved originated in the Alcoholic Beverage Control Board as a result of citations issued to licensees, plaintiffs in error, to suspend, revoke and cancel their licenses to sell alcoholic beverages by reason of alleged irregularities.

The matters were heard by the Director of Alcoholic Beverage Control Board, Mr. Roy Parham, on the 27th day of February, 1964. There were seven separate alleged violations of the Oklahoma Liquor Control Laws. Five of these were alleged violations of the statutes controlling the sale of alcoholic beverage. Two other charges alleged violations of the Rules and Regulations of the Alcoholic Beverage Control Board. All of these violations were charged against Noel D. Robbins, Sam Lon Bryson, Esther Bryson and Nellie Allen as the licensee and/or employees of the Gaslite Liquor Store of Tulsa, Oklahoma. The matters were heard by the Director, who found in favor of himself, the Board, Director and/or prosecution on all matters, with the exception of two charges which were dismissed.

The Alcoholic Beverage Control Board met May 13, 1964, and considered the findings of fact and conclusions of law entered after the hearing had before the Director. The Board then entered orders in all seven matters suspending and revoking the licenses of the cited licensees. The licenses involved in the two dismissals were revoked under the other complaints, and thus no issue arises as to propriety of the Board's action overruling the Director's dismissal.

The licensees, plaintiffs in error herein, appealed the orders of suspension and revocation to the district court of Tulsa County, Oklahoma. Appellants moved for trial de novo as provided under 37 O.S. 1961, § 531. The district court denied appellants' motion and thereupon entered an order and judgment sustaining the findings of the Alcoholic Beverage Control Board.

The district court neither took testimony nor admitted evidence, but based its decision in all seven cases entirely upon the "record" filed in each matter, as forwarded from the Alcoholic Beverage Control Board.

Appellants' motion for new trial was overruled from which ruling, this appeal has been filed under the provisions of 12 O.S.1961, § 956.1 et seq., as the same pertains to appeals upon the original record.

There were seven distinct and different alleged violations before the Director as there were before the Alcoholic Beverage Control Board, and each was appealed separately to the district court of Tulsa County. Upon appeal to the Supreme Court, all seven matters were combined by agreement of counsel and order of the court into one appeal, and shall be treated as one matter throughout this opinion.

Plaintiffs in error, hereafter referred to as appellants propose two arguments upon which they base their claims for reversal.

Under the first argument it is contended they were denied a fundamental, substantive right of due process when the district court overruled motion for trial de novo in the appeal from the ruling of the Alcoholic Beverage Control Board. The statute, 37 O.S.1961, § 531, is cited and relied upon as authority for this contention.

 Without elaborating or discussing appellants' well considered brief, we find since the present appeal became at issue, the first contention presented has been decided. The decision in Trask v. Johnson, Okl., 452 P.2d 575, is dispositive of this issue. In that case we held:

"The provision in 37 O.S.1961 § 531 that an appeal to the district court from an order of the Oklahoma Alcoholic Beverage Control Board shall consist of a trial de novo is in conflict with, and was superseded by, the provision in Section 21 of the 1963 Administrative Procedures Act (75 O.S.Supp.1968 § 321) that the judicial review of orders of state agencies, provided for in Sections 18 through 22 of that act (75 O.S.Supp.1968 §§ 318 through 322) shall be conducted by the court without a jury and shall be confined to the record."

As part of their first argument appellants also contend the Director was disqualified to sit as the hearing magistrate. Attorney for appellants moved the Director be disqualified as hearing magistrate, upon grounds of prejudice, bias, and because he had fixed opinion prior to the taking of any evidence.

Appellants called the Director to the stand. In response to a question as to his participation in the investigation of the charges concerning the alleged violations, the Director testified:

"* * * I have had some knowledge of the offenses naturally. I had some part in dictating the citations themselves, however, as to the details of any part of the proof I am not conversant with those, other than in my conversations with Mr. Hunter, who is our Chief Law Enforcement Officer, he has summarized these various things and made a list of the particular violations in his judgment that we would be able to substantiate by the proof, as to going in and reading the detailed reports of that type of thing I try to keep myself in a position of not having formed an opinion as to truthfulness or lack of it of any citation."

Other testimony elicited from the Director tends to show participation by the Director in the pre-hearing investigation and preparation for the hearing.

Appellants' attorney thereafter moved to strike the service of subpoenas for reason

they were not prepared, executed, and served according to law. The Director overruled appellants' motion and allowed exceptions. We find no other reflection in the record, including the appeal proceedings, where appellants specifically urge error in the Director's denial of the oral motion for his disqualification.

Appellants rely upon 75 O.S.1961, § 316, which states, in part:

"* * * Any party may request the disqualification * * * by filing an affidavit, promptly upon discovery of the alleged disqualification, * * *. The issue shall be determined promptly by the agency, or, if it affects a member * * * by the remaining members thereof, if a quorum. * * *"

The record shows no attempt made by appellants to comply with provisions of this section, nor does their brief make any suggestion in this respect.

48 C.J.S. Judges § 94 c, at page 1083, states:

"* * * Statutory provisions requiring that the objection be made or affidavit filed within a specified time must be complied with, and the requirement has been held one of substance and not merely of form. * * *"

Graham v. Graham, Okl., 434 P.2d 245, discloses procedure for disqualification of judges in civil proceedings to have essentially same requirements as required under § 316, supra.

■ We necessarily conclude the issue involving disqualification of the Director as hearing magistrate is not properly before this court for review.

■ Appellants' second contention urges that this court does not have before it a proper record of the lower tribunal's proceedings. Appellants have appealed on the original record and cite 12 O.S.1961, §§ 956, 956.4 and 956.9 in support of this claim. They argue that the record in the case fails to qualify as a sufficient record, or case-made, upon which this court can base an opinion. We note, however, that 12 O.S.1961, § 957, provides:

"A party desiring to have any judgment * * * reversed by the Supreme Court, may make a case, containing * * * so much of the proceedings and evidence, * * * as may be necessary to present the errors complained of to the Supreme Court. * * *"

In our examination of the record we cannot ascertain wherein it is insufficient to reflect absence of necessary ingredients upon which to base an opinion. In this regard, it is the appellants' responsibility to bring to this court the record upon which we can proceed. Dunlap v. Jeffrey, Okl., 260 P.2d 1072.

■ Appellants further contend requirements of 75 O.S.Supp.1963 §§ 309 and 320, were not complied with as respects the contents of the record on appeal. In this regard appellants' specific objections are: the record herein was not taken by a court reporter; was not certified by a court reporter as to accuracy and completeness; was not certified to by the trial judge; and was not stipulated to by the parties to the review.

In examination of 59 O.S.1961, §§ 961 and 966, we find no requirement that a reporter for the Alcoholic Beverage Control Board be an official court reporter.

Section 320, supra, provides:

"* * * the agency shall transmit * * * the original or a certified copy of the entire record of the proceeding under review; but, by stipulation of all parties * * * the record may be shortened."

The record before us contains an instrument entitled Certificate, executed by the Secretary to the Director and Reporter for the Board. The instrument certified the record was a full, true and accurate transcript of the testimony and proceedings. Appellants fail to demonstrate wherein the record is incomplete, or fails to be legally sufficient to constitute a proper record

upon which to base an appeal, and we so hold.

Affirmed.

All Justices concur.