** Summary **
PAYMENT OF EXPENSES FOR JUDICIAL FUNCTIONS The costs of maintenance of courtrooms, judges' chambers, clerks' offices, and other areas used primarily for judicial functions should be paid from the court fund pursuant to 20 O.S. 1304 [20-1304](b)(6) (1971). Maintenance expenses include janitorial services, but do not include the cost of gas, water, and electricity. Also, telephone expenses should be paid from the county court fund pursuant to 20 O.S. 1304 [20-1304](b)(10) (1971). To the extent that the court fund statutes, 20 O.S. 1301 [20-1301] to 20 O.S. 1312 [20-1312] are in conflict with the older provisions of 19 O.S. 401 [19-401] (1971), the later enactment should prevail. The Attorney General has considered your request for an opinion wherein you in effect ask the following question: Should telephone expenses and costs of maintenance of court rooms, judges' chambers, clerks' offices, and other areas used primarily for judicial functions be paid from the court fund or from the county general fund? The current statutes creating county court funds and defining expenses which may be paid from each county court fund are 20 O.S. 1301 [20-1301] to 1312. Section 1301 creates the court fund in each county. The fund consists of all fees, fines and forfeitures collected by the Court Clerk, and is to be in the custody of the County Treasurer. Section 1302 creates a governing board for the court fund, consisting of the Court Clerk, an Associate District Judge, and a District Judge. Section 20 O.S. 1304 [20-1304] of Title 20, which is controlling, states in subsection (a) that: "Claims against the Court Fund shall include only such expenses as may be lawfully incurred for the operation of the court in the county. " Subsection (b) of Section 1304 lists allowable expenses payable from the court fund. Title 20 O.S. 1304 [20-1304](b) (1971) provides in part that: "The term 'expenses' shall include the following items and none others: . . . . (6) Renovating, remodeling and maintenance of court rooms, judge's chambers, clerk's offices and other areas primarily used for judicial functions; . . . . (10) Necessary telephone expenses It is apparent that the expenses enumerated in your question were directly derived from the quoted provisions of 20 O.S. 1304 [20-1304](b) (1971). Section 1304(b) clearly provides that the cost of maintenance of court rooms, judges' chambers, clerks' offices, and other areas used primarily for judicial functions should be paid from the court fund. Also, telephone expenses necessary to the operation of the court should also be paid from the court fund. The plain meaning of the statute must be accepted and given effect. McVicker v. Board of Commissioners of Caddo County, Okl.,442 P.2d 297, 302 (1968). Attorney General's Opinion No. 71-296, issued August 19, 1971, explains the meaning of the word "maintenance" as it appears in 20 O.S. 1304 [20-1304](b)(6) (1971). That opinion, which is affirmed, held that the term "maintenance" as used in 20 O.S. 1304 [20-1304](B), supra, included janitorial expenses for courtrooms, judges' chambers, and offices, but that gas, water and electricity expenses are not maintenance expenses payable from the court fund pursuant to Section 1304 (b) supra. Your opinion request was apparently prompted by the suggestion that there is conflicting legislation in Oklahoma on this subject. You referred to the provisions of 19 O.S. 401 [19-401] (1971), which provides in part that: "They the board of county commissioners shall also provide the courts appointed to be held therein, with attendants, fuel, lights and stationery suitable and sufficient for the transaction of their business. If the commissioners neglect, the court may order the sheriff to make such necessary provision, and the expenses incurred by him in carrying the order into effect, when certified by the court, shall be a county charge." Title 19 O.S. 401 [19-401] (1971) has apparently been in effect in Oklahoma since statehood. Section 1304 of Title 20, which deals specifically with the court fund, was adopted in 1968. The cardinal rule of statutory construction is that the intent of the Legislature shall prevail. Different legislative enactments dealing with the same subject must be construed together as a harmonious whole so as to give effect to each to the greatest extent possible. In Re Guardianship of Campbell, 450 P.2d 203, 205 (1966). To the extent that there is a conflict, the latest expression of the legislative will should prevail. Trask v. Johnson, Okl.,452 P.2d 575, 577 (1969). Therefore, it is the opinion of the Attorney General that the costs of maintenance of courtrooms, judges' chambers, clerks' offices, and other areas used primarily for judicial functions should be paid from the court fund pursuant to 20 O.S. 1304 [20-1304](b)(6) (1971). Maintenance expenses include janitorial services, but do not include the cost of gas, water, and electricity. Also, telephone expenses necessary for the operation of the court in the county should be paid from the county court fund pursuant to 20 O.S. 1304 [20-1304](b)(10) (1971). To the extent that the court fund statutes, 20 O.S. 1301 [20-1301] to 1312 are in conflict with the older provisions of 19 O.S. 401 [19-401] (1971), the later enactment should prevail. (Steven E. Moore)