Ben H. FRANK, Appellant,

v.

OKLAHOMA REAL ESTATE COMMISSION, Appellee.

No. 46106.

Supreme Court of Oklahoma.

June 19, 1973.

Rehearing Denied July 31, 1973.

John B. Ogden, Oklahoma City, for appellant.

Richard W. Gable, Gable, Gotwals, Hays, Rubin & Fox, Tulsa, for appellee.

BERRY, Justice:

The question herein is whether 59 O.S. 1971 § 851, the provision of the Real Estate License Act [59 O.S.1971 §§ 831–857] providing for judicial review of orders of the Real Estate Commission, has been superseded by the Oklahoma Administrative Procedures Act [75 O.S.1971 §§ 301–327]. The Commission issued an order cancelling the broker license of appellant and substituting a salesman license. He appealed to District Court of Tulsa County pursuant to § 851, supra, which provides:

"* * * licensee may appeal * * * to the District Court of the County of which the * * * licensee is a resident * * *. On appeal the issues shall be tried de novo, and the court shall enter such order with respect thereto as it shall deem just and equitable. * * *"

Leaving the Tulsa County appeal pending he appealed to District Court of Oklahoma County pursuant to §§ 318–323 of the Administrative Procedures Act.

Section 318 provides in part:

"1. Any person * * * aggrieved or adversely affected by a final order * * * is entitled to * * * judicial review thereof under this Act, but nothing in this Section shall prevent resort to other means of review, * * * or trial de novo, available because of constitutional provisions * * *"

"2. * * * proceedings for review shall be instituted * * * in the district * * * court of the county in which the agency or institution is located in which the property interest affected is situated or in the district court of the county in which the agency * * * is located. * * *"

Section 321 provides in part:

"The review shall be conducted by the court without a jury and shall be confined to the record. * * *"

Further, 75 O.S.1971 § 327, provides:

"All laws or parts of laws in conflict herewith are hereby repealed to the extent of such conflict."

On September 20, 1972, the Commission filed a motion in the Tulsa County action denying the court's jurisdiction over the Commission or the subject matter, denying venue was proper in Tulsa County, and requesting dismissal of the appeal on the ground the Administrative Procedures Act requires appeals from the Commission be brought in the District Court of Oklahoma County. A copy of the "Journal Entry of Judgment" entered in the Oklahoma County action was attached to the motion as "Exhibit A". The exhibit indicates the Oklahoma County District Court ruled the Administrative Procedures Act applied and required review of the record of proceedings before the Commission, rather than a trial de novo as formerly provided by § 851, supra, and then affirmed the Commission's order, finding the order valid, the proceedings before the Commission free from error and the evidence sufficient to support the Commission's findings.

The District Court of Tulsa County sustained the motion on grounds it lacked jurisdiction because the Administrative Procedures Act requires appeals from orders of the Commission to be brought in the District Court of Oklahoma County, [the county where the Commission is located] on the record before the Commission. The court also took judicial notice of the judgment in the Oklahoma County action and found it disposed of all issues presented in the Tulsa County action. Appellant appeals from this order of the District Court of Tulsa County. Apparently no appeal was taken from the judgment in the Oklahoma County action.

Appellant contends the judgment in the Oklahoma County action is void because §

**192**

851, supra, controls and it provides he is entitled to a trial de novo and requires the action to be maintained in Tulsa County, the county of his residence. He further contends that the District Court of Tulsa County erred in dismissing his appeal because he is entitled to a trial de novo. He relies upon Abel v. Oklahoma Real Estate Commission, Okl., 453 P.2d 1007. However, that case does not support his contention because there the trial court granted a trial de novo and we refused to consider the question of whether the Administrative Procedures Act provided the exclusive means of judicial review because the parties had not raised the issue.

75 O.S.1971 § 301, defines agency to mean "any state * * * commission authorized by the constitution or statutes to * * * formulate orders", subject to certain exceptions not applicable herein. Section 850 of the Real Estate License Act authorizes the Commission to issue orders, and therefore the Administrative Procedures Act applies to the Commission.

Section 851, supra, was enacted in 1949. The Administrative Procedures Act was enacted in 1963. We have held the Administrative Procedures Act repealed pre-existing single agency laws in conflict with its provisions. Trask v. Johnson, Okl., 452 P.2d 575; Robbins v. Oklahoma Alcoholic Beverage Control Board, Okl., 461 P.2d 610.

Appellant contends § 318, supra, preserves his right under § 851, supra, to a trial de novo. The obvious fallacy to this argument is that § 318, by its express terms only preserves rights available because of constitutional provisions. We find no constitutional provision granting appellant the right to a trial de novo.

Therefore we conclude the provision of § 851, supra, which provides appeals from orders of the Commission shall be by trial de novo, has been superseded by § 321 of the Administrative Procedures Act, which provides judicial review of agency orders shall be confined to the record, and there-

fore the trial court did not err in refusing to grant appellant a trial de novo. Since appellant's sole contention is he was entitled to a trial de novo, we need not consider whether the judgment in the Oklahoma County action was void, whether § 318, supra, supersedes § 851, supra, insofar as concerns the district courts to which appeals may be taken, whether § 318, supra, vests jurisdiction or is merely a venue statute, or whether appellant's broker license is a property interest situated in the county of his residence for purposes of § 318, supra.

Affirmed.

All Justices concur.