POLICE PENSION AND RETIREMENT BOARD — PER DIEM EXPENSES Travel and per diem expenses for the Police Pension and Retirement Board should be paid initially from funds provided by Senate Bill No. 458, 1974 Legislature. In the event expenses of this nature accrue in excess of the appropriation therefor contained in Senate Bill No. 458 and after depletion thereof, they may be paid from the funds appropriated by Senate Bill No. 620, provided such expenses were incurred as "necessary operating expenses" of the Board. The Attorney General has considered your request for opinion wherein you ask whether travel and per diem expenses for the Police Pension and Retirement Board should be paid initially from funds provided by Senate Bill No. 620, 1974 Legislature, or Senate Bill No. 458, 1974 Legislature. As noted in your letter, Senate Bill No. 458 provides an appropriation for the Police Pension and Retirement Board travel and per diem in the amount of $5,078.00. Senate Bill No. 458 contained an emergency clause and became effective upon signature of the Governor on the 29th day of May, 1974. Section 1 (E) of Senate Bill No. 620, also passed by the 1974 Legislature, provides: "Two percent (2%) of the funds disbursed to the Board under the provisions of Section 312.1 of Title 36 of the Oklahoma Statutes shall be retained by the Board for the purpose of paying all necessary operating expenses. At the close of each fiscal year, any surplus shall be transferred to the Police Pension and Retirement Fund." Senate Bill No. 620 also contained an emergency clause and became effective upon the Governor's signature April 25, 1974. "Statutes which relate to the same person or thing, or to the same class of persons or things, or which have a common purpose are in parri materia and it is the general rule that in the construction of a particular statute, or in the interpretation of its provisions, all other statutes in parri materia should be read in connection with it, as together constituting one law, and it should be harmonized, if possible. The rule that statutes in parri materia should be construed together and harmonized, if possible, applies with peculiar force to statutes passed at the same session of the Legislature, . . .; but clear and unambiguous provisions in a statute must be given their ordinary meaning without regard to other statutes adopted by the same Legislature . . . where are necessarily inconsistent, the question of which shall take effect depends on the intent of the Legislature and ordinarily the statute latest in point of time will prevail." 82 C.J.S. Statutes, Sections 366-367. The Oklahoma Supreme Court in the case of Poafpybitty, et al v. Skelly Oil Company, 394 P.2d 515, 519 said: "Where there are two or more acts or provisions of law relating to the same subject, effect is to be given to both, if that be practical, but, if a repugnancy exists between such provisions, the more recent act, which is the latest expression of the Legislature will, will operate as a repeal of the former to the extent of the repugnancy." 75 O.S. 22 [75-22] (1961). The Court has more recently held in the case of Trask v. Johnson, 452 P.2d 575 (Okl.), that the primary object in construing statutes is to determine the intent of the legislative body in enacting it, and if two or more enactments are involved, the primary object is to determine the latest expression of legislative will. Senate Bill No. 458 makes appropriation for the express purpose of payment of travel and per diem expenses for the State Police Pension and Retirement Board. The provisions of Senate Bill N o. 620 are more general in nature in providing funds for "the purpose of paying all necessary operating expenses. " Although both bills were passed in the same legislative session, Senate Bill N o. 458 is latest in point of time by in excess of one month. It thus appears that in adopting Senate Bill No. 458 appropriating funds for the specific purpose of paying travel and per diem expenses subsequent to the adoption of Senate Bill No. 620 it was the intent of the Legislature to appropriate a separate sum of the payment of travel and per diem expenses in addition to those funds provided by Senate Bill No. 620. Consequently, Senate Bill No. 458 reflects the latest expression of legislative will and the specific provisions thereof are controlling over general provisions of Senate Bill No. 620 to the extent the language of each might be considered to be conflicting. It is, therefore, the opinion of the Attorney General that travel and per diem expenses for the Police Pension and Retirement Board should be paid initially from funds provided by Senate Bill N o. 458, 1974 Legislature. In the event expenses of this nature accrue in excess of the appropriation therefor contained in Senate Bill N o. 458 and after depletion thereof, they may be paid from the funds appropriated by Senate Bill N o. 620, provided such expenses were incurred as "necessary operating expenses" of the Board. (William Don Kiser)