OPINION — AG — PURSUANT TO HOUSE BILL NO. 1522, CODIFIED AS47 O.S. 1980 Supp., 7-508, [47-7-508] THE INSURANCE CARRIER HAS THE BURDEN OF ESTABLISHING THAT THE INSURER WAS AT FAULT BEFORE THE INSURANCE CARRIER CAN CANCEL, REFUSE OR RENEW OR RAISE THE PREMIUMS, FOR THE REASON THAT INSURER WAS INVOLVED IN A COLLISION. (BURDEN OF PROOF CANCEL INSURANCE POLICY) CITE: 47 O.S. 1980 Supp., 7-508 [47-7-508] (KAY HARLEY JACOBS) FILENAME: m0009993 Representative J. D. Whorton Attorney General of Oklahoma — Opinion December 10, 1980 JAN ERIC CARTWRIGHT, ATTORNEY GENERAL OF OKLAHOMA The Attorney General has received your request for an Opinion wherein you ask, in effect, the following question: Who must bear the "burden of proof", the insured or the insurance carrier, under House Bill 1522? Laws 1980, Ch. 99, p. 180. House Bill 1522 Laws 1980, Ch. 99, p. 180, to be codified at 47 O.S. 7-508 [47-7-508] (1980), provides in section 1.A as follows: "No insurance carrier who issues motor vehicle insurance policies in this state shall cancel, refuse to renew or increase the premium rate for any motor vehicle liability or collision insurance policy for the reason that the insured has been involved in a motor vehicle collision and was not at fault." Under this provision, an insurance carrier is prohibited from canceling, refusing to renew or increasing the premiums of the insured solely upon the grounds that the insured, although without fault, was involved in a collision. Thus, when an insured is involved in a collision, before the carrier can cancel, refuse to renew or raise the premium rates solely upon the basis of that collision, it must have been determined that the insured was at fault. The statute clearly prohibits an adverse action by the carrier merely upon a finding that the insured was involved in a collision without a determination of fault. The primary purpose of statutory construction is to ascertain the intent of the Legislature. See Trask v. Johnson, Okl.,452 P.2d 575 (1969). It is clear from the plain language of the statute that the legislative intent behind the statute was to protect an individual involved in a collision in which that individual was not a fault from having his or her policy cancelled or the premiums increased. The Legislature sought to preclude insurance carriers from arbitrarily raising an insured's rates even if he was not at fault in the accident. Thus, it is logical to conclude that a determination as to fault regarding a collision must be made before the insurance carrier can cancel, fail to renew or increase the premiums. It is, therefore, the official Opinion of the Attorney General that pursuant to House Bill 1522, codified at 47 O.S. 7-508 [47-7-508] (1980), the insurance carrier has the burden of establishing that the insured was at fault before the insurance carrier can cancel, refuse to renew or raise the premiums, for the reason that insured was involved in a collision. (Kay Harley Jacobs)