Hitchcock, J.
Elaborate arguments have been presented in this case as to the correctness of the decision of the court of common pleas in overruling the demurrer to the special pleas in bar. The object of those pleas was to impeach in whole or in part, the consideration of the contract in suit, and if it were necessary for us to pass upon their sufficiency, questions of much intricacy and difficulty might be involved. Where there is an entire failure of the consideration of a promissory note, there can be no doubt that as between the original parties to the contract, this failure would constitute a good defense to an action upon the note. But where the consideration does not entirely fail, but is less valuable than it was supposed to be at the time the note was made, whether this circumstance can be given in evidence to lessen the amount to be recovered, is a vexed question, and modern decisions, instead of rendering the law more clear on the subject, would seem to make it more obscure. But it seems to the court, that in this case we have nothing to do with these questions.
A demurrer was filed to the special pleas, and that demurrer was overruled. If the plaintiff wished to take the opinion of this court upon the validity of those pleas, he should have suffered judgment to have been rendered against him upon the overruling of the demurrer, and then have prosecuted his writ of error. But instead of this he got leave to reply, and an issue was joined to the country upon those pleas. This leave could be granted only upon condition that the demurrer was waived or withdrawn, otherwise the case would present the singular aspect of a demurrer and a replication to the same plea. The demurrer can not, under the circumstances of the case, bo considered as constituting any part of the record as it now exists.
The only question now open for consideration is, whether the court of common pleas erred in ordering the nonsuit.
*409, 410 In the first count of the declaration the plaintiff declares as 409] *upon an ordinary promissory note, neither setting forth the actual consideration as it appears upon the face of the instrument, nor the right reserved to the defendants in a certain contingency of giving certain matters in evidence by way of set-off.
Is the instrument given in evidence a promissory note? It , contains a promise, for value received, to pay $300 by a specified day, with interest at the rate of six per cent, per annum. This promise is unconditional and absolute. “ On or before January 1, A. d. 1839, for value received, wo, or either of us, promise to pay Thomas S. Mitchell $300.” If this were all, there could be no doubt as to the character of the paper, nor could there be any doubt but that it was properly described in the first count in the declaration. But, in addition to this, it sets forth the specific consideration. “ It being the purchase money of a large brown jack, which we have this day purchased of said Mitchell, who warrants said jack to be a sure foal-getter for jennies and jacks in general; now if said jack should not fill said warranty, we are to have the liberty of making the set-off against this note.” It is necessary to ascertain the character of this stipulation, and the effect which it has upon the contract. It is supposed by defendant’s counsel to be in the nature of a condition, and that unless the animal was of the character and quality warranted, the plaintiff would have no right'of action. But we do not so understand it. It is a mere stipulation in favor of the defendants, that if the warranty should not be true, then the defendants should be entitled to a deduction, equal to the diminution in value, or, in other words, to set off this diminution in value against the note. If, without this stipulation, the instrument would have been a promissory note, the stipulation does not change its character. In the case of Ring & Rice v. Foster, 6 Ohio, 279, this court held that a writing of the following character, “ Three months after date we promise to pay Samuel Foster $140.22, provided the said Foster delivers the crop of 410] tobacco raised by him and Throckmiller, *then the said Foster to have one-fourth of the above in hand, and, in addition thereunto, $3.50 for the part undelivered, payable one-fourth in hand, the balance in 130 days,” was a promissory note. Unless there was great error in this decision, the writing now in suit may, with propriety, be held to be a promissory note.
But suppose that this addition or stipulation were held to be a *411 condi tion, it is not perceived that it would make any difference as to the character of the instrument, although it might as to the mode of declaring.
The nest question is^ whether this instrument was properly described in the declaration. It is necessary for the plaintiff, in his declaration upon a written or parol contract, to set forth so much of the contract as will show a right of action, And, in setting it forth, he may do it in the terms of the contract or according to its legal effect. So far as he undertakes to set it forth, he must follow the contract substantially, otherwise the contract intended to be declared on will be rejected in evidence on the ground of variance. But it is not necessary to set forth the collateral matter, although contained in the same contract, of which the defend* ant may avail himself by way of defense. Such is the principle-recognized in the case of Clark v. Gray and others, 6 East. 564, in which the court say, “It seems to us it is sufficient to state in the declaration so much of any contract, consisting of several distinct parts, and collateral provisions, as contains the entire consideration, for the act, and the entire act, which is to be done in virtue of such consideration; and that the rest of the contract which only respects the liquidation of damages, after a right to them has accrued by a breach of the contract, is matter proper to be given in evidence to the jury in the reduction of damages, but not nocessary to be shown to the court in the first instance upon the record.”
In the case under consideration, the plaintiff stated in his declaration that the defendant, for value received, promised to pay him by a day certain, the sum specified in the instrument, and alleges, as a breach of the promise, that payment was not made. *This is sufficient to show aright of action, and there is nothing [411 in the instrument itself which shows that by its terms anything further was necessary to give this right. All the rest is collateral matter of which the defendant might avail himself in his defense. Had the contract been that the money should be paid upon condition that the animal was a sure foal-getter, then, indeed, this fact should have been averred. But such is not the contract. By it the promise to pay is absolute, reserving the right, however, to the makers of' the instrument, if the animal is not such as represented, to have the damages sustained set off against the note. In our opinion the instrument was sufficiently described in the first *412 count of the declaration, and being given in evidence was sufficient to put the defendants upon their defense.
But if in this we are mistaken, it must be remembered that the declaration contains not only a special count, but also the common counts for money had and received, money lent, etc. Now, if this instrument is a promissory note for the payment of money, and we hold that it is, it was competent evidence under those counts. This principle that a promissory note is competent evidence under the money counts is too well settled to be controverted. It is admitted by the defendant’s counsel, but it is claimed that the plaintiff should in the first place have abandoned the first count in the declaration before the note could have been given in evidence under the others. The recoi'd shows that all the issues joined were on trial to the jury, and the plaintiff gave the note in evidence. It was not objected to on account of any variance, nor on any other account, but was received. A motion was then made to nonsuit the plaintiff, which prevailed. The reason for Sustaining this motion must have been, so far as wo learn from the record, that the evidence was insufficient to put the defendants on their defense. In our opinion the evidence was sufficient, and, uncontradicted, would have entitled the plaintiff to a verdict and judgment.
The judgment of the court of common pleas must be reversed, with costs, and the case remanded for further proceedings.
Judgment reversed.