Bryce A. Baggett, Oklahoma City, for appellant.

Leroy J. Patton, Gen. Counsel, Dept. of Public Safety, Oklahoma City, for appellee.

BARNES, Justice:

This is an appeal by Appellant from an adverse decision wherein the District Court sustained an administrative order of the Appellee, Commissioner of Public Safety.

The issue to be decided is whether or not the appeal to the District Court is a trial de novo or a review of the administrative hearing to determine if the Appellee had sufficient evidence upon which to sustain its order.

In the instant case, no court reporter was requested by either party and no tran-

---

**Bryce A. BAGGETT, Jr., Appellant,**

v.

**W. Roger WEBB, Commissioner of Public Safety of the State of Oklahoma, Appellee.**

**No. 49293.**

Supreme Court of Oklahoma.

Nov. 23, 1976.

script is available of either the administrative hearing or the proceedings in District Court. The only record is that contained in the Journal Entry of Judgment, which, among other things, sets out what occurred in the District Court.

On May 19, 1975, Appellant, Bryce A. Baggett, Jr., was involved in an accident in Oklahoma City with a vehicle being driven by Norma E. Boyd. Appellant reported to the Department of Public Safety that he had no liability insurance. That department then notified Appellant he would have to post security in the amount of $990.00 in accordance with the Oklahoma Financial Responsibility Act, 47 O.S.1971, § 7-101 et seq. The Notice of Security Requirement and Suspension which was mailed to Appellant also notified him that if he felt he was not at fault in the accident he could request an administrative hearing or appeal directly to the District Court.

The Appellant requested an administrative hearing which was set for October 28, 1975. At that time he appeared in person and through his attorney and testified about the facts of the accident. Norma E. Boyd did not attend that hearing and, therefore, did not testify or offer any evidence. That hearing was conducted pursuant to 47 O.S.1971, § 7-101(b), which states:

"The Commissioner shall provide for hearings upon request of persons aggrieved by orders or acts of the Commissioner under the provisions of this act."

The hearing officer, Tom R. Johnson, found that Appellant was involved in an accident resulting in damages in excess of $100.00; that Appellant had not complied with the Financial Responsibility Laws by posting security or showing proof of financial responsibility; and that the accident was due to the negligence of the Appellant, which caused or contributed to cause said accident in that he failed to yield the right of way from a private drive.

The hearing officer found there was a reasonable possibility of a judgment being rendered against Appellant as a result of the accident and entered an order November 12, 1975, affirming the previous order of the Commissioner of Public Safety setting security in the amount of $990.00. The hearing officer further ordered that Appellant's driver's license and registration be suspended, pursuant to 47 O.S.1971, § 7-206, unless security be posted or proof of financial responsibility for the future be filed by December 6, 1975.

Thereafter, Appellant filed a Petition for Vacation of Order in the District Court on the ground that there was no evidence to sustain the order. The Trial Court ruled that Appellant's petition for review of the order of suspension should be heard by a trial de novo and overruled Appellant's objection to the introduction of any evidence in addition to the evidence adduced in the administrative hearing on October 28, 1975.

Appellant subpoenaed the hearing officer and attempted to prove through him what testimony was offered at the administrative hearing for the purpose of establishing the insufficiency of the evidence to support the Department's order. The Trial Court sustained Appellee's objections to such evidence.

The Journal Entry of Judgment reflects the Trial Court allowed the Appellee to call Norma E. Boyd as its first witness, to which testimony Appellant objected. Objection was overruled, whereupon Appellant offered to stipulate that Norma E. Boyd *would testify* (a) that she suffered personal injury in the accident of May 19, 1975; (b) that the vehicle driven by her had suffered damages in said accident in excess of $100.00; and (c) that the said accident was caused wholly by the negligence of Appellant and that Norma E. Boyd was absolutely without fault in causing the accident, which offer was accepted by Appellee. The parties so stipulated and Norma E. Boyd did not testify.

The Trial Court would not permit Appellant to introduce testimony in support of

his petition's allegations of irregularities in the administrative hearing.

The Trial Court found as follows:

"1. That an appeal to the District Court from a hearing held by the Department of Public Safety held pursuant to 47 O.S.1971, § 7–102 is a trial de novo and the trial court should not consider the sufficiency of the evidence at the hearing, but should weigh the evidence presented to it.

"2. That based upon the Stipulation of the parties, the Court finds that there is a reasonable possibility of a judgment being rendered against Bryce A. Baggett, Jr. as a result of the accident of May 19, 1975, the previous order of the Department of Public Safety setting security in the amount of $990.00 is hereby affirmed."

It is from this order Appellant appeals. Appellant's driver's license has not been suspended as of this time.

Appellant asserts that allowing Appellee to introduce on appeal, in support of the challenged order, evidence which had not been offered in the administrative hearing was clearing erroneous. On the other hand, Appellee asserts a District Court review of an order of the Department of Public Safety is a trial de novo and any reference to the prior hearing was not relevant.

Appellant asserts the District Court had no authority to conduct a trial de novo and that the District Court erred in receiving any evidence which had not been adduced in the administrative hearing. Appellant further contends he was entitled to introduce testimony in support of his petition's allegations of irregularities in the administrative hearing. We think there is merit to Appellant's positions.

Appellant argues that even if the Financial Responsibility Law, 47 O.S.1971, § 7–102, were interpreted as providing for a trial de novo, it has been expressly superseded by the subsequent enactment of the Administrative Procedures Act, and

particularly Section 21 thereof, 75 O.S. 1971, § 321, which provides:

"The review shall be conducted by the court without a jury and *shall be confined to the record, except that in cases of alleged irregularities in procedure before the agency, not shown in the record, testimony thereon may be taken in the court.* The court, upon request, shall hear oral argument and receive written briefs." (Emphasis ours)

In support of his petition Appellant cites *Trask v. Johnson*, 452 P.2d 575 (Okl. 1969), in which we determined that Section 21 of the Administrative Procedures Act was in conflict with an older appeal statute insofar as the older statute provided for trial de novo in appeals from the Alcoholic Beverage Control Board. This Court said in the second syllabus:

"2. The provision in 37 O.S.1961 § 531 that an appeal to the district court from an order of the Oklahoma Alcoholic Beverage Control Board shall consist of a trial de novo is in conflict with, and was superseded by, the provision in Section 21 of the 1963 Administrative Procedures Act (75 O.S.Supp.1968 § 321) that the judicial review of orders of state agencies, provided for in Sections 18 through 22 of that act (75 O.S.Supp. 1968 §§ 318 through 322) shall be conducted by the court without a jury and shall be confined to the record."

The *Trask* case, supra, was followed in *Frank v. Oklahoma Real Estate Commission*, 512 P.2d 190 (Okl.1973), where we held that a provision of the Real Estate License Act, that appeals from orders of the Real Estate Commission shall be by trial de novo, had been superseded by the provision of the Administrative Procedures Act that judicial review of agency orders shall be confined to the record, and, therefore, refusal to grant a trial de novo on appeal from an order of the Commission was not error.

Appellee argues that under the Administrative Procedures Act the exclusionary provisions of 75 O.S.1971, § 325, eliminate

the application of 75 O.S.1971, §§ 309–316, to hearings conducted by the Commissioner of Public Safety under 47 O.S.1961, § 2–115. In support of his position Appellee cites 75 O.S.1971, § 325, which states:

> "The provisions of Section 9 to Section 16, inclusive, shall not apply to hearings conducted by the Personnel Board under 74 O.S.1961, § 833, or the Commissioner of Public Safety under 47 O.S.1961, § 2–115."

Appellee also cites *Oklahoma Department of Public Safety v. Robinson*, 512 P.2d 128 (Okl.1973), which stated on page 131:

> "Hearings before the commissioner are controlled by the provision of the Motor Vehicle Code and by the general statutes. They are excluded as to the procedural provisions from the Administrative Procedures Act by 75 O.S.1971, § 325.

We note that Appellee does not answer the Appellant's argument that 75 O.S.1971, § 321, of the Administrative Procedures Act governs the District Court appeal from an administrative hearing by the Commissioner because that section is not specifically made inapplicable to such an appeal by 75 O.S.1971, § 325. Thus, Appellant's argument of exclusion leaves untouched 75 O.S.1971, §§ 318–321 inclusive, which provides for judicial review of an administrative adjudication in an individual proceeding *on the record*, except for the introduction of evidence concerning alleged irregularities in procedure.

Appellant's petition alleged there was no evidence whatsoever adduced in the administrative hearing which would sustain the order of suspension of his driver's license. Specifically, Appellant alleged the following irregularities in procedure before the agency: (1) That no evidence was adduced that the accident was due to Appellant's negligence; and (2) that no evidence was offered that damages in excess of $100.00 were sustained by any vehicle.

Under the aforementioned Section 21 of the Administrative Procedures Act, 75 O.

S.1971, § 321, Appellant had a statutory right to introduce testimony as to the alleged irregularities. For this purpose Appellant called the hearing officer as a witness to prove what evidence was and was not offered in the administrative hearing. However, the District Court sustained Appellee's objection to such evidence. Under the statute, Appellant should have been afforded the opportunity to elicit such testimony as to the "alleged irregularities".

For the aforesaid reasons, we conclude the District Court erred in trying the case de novo and in not permitting evidence of the misconduct of the hearing officer. The cause is reversed and remanded to the District Court with directions to proceed in accordance with 75 O.S.1971, § 321.

Reversed and remanded.

All Justices concur.