Louis J. ROUSSEL and American Benefit
Life Insurance Company, an Alabama
Corporation, Appellants,

v.

STATE of Oklahoma ex rel. Gerald
GRIMES, Insurance Commissioner,
Appellee,

United Founders Life Insurance
Company, Intervenor/Appellee.

No. 52770.

Supreme Court of Oklahoma.

June 24, 1980.

Robert H. Macy, Edmond, and P. M. Williams, Oklahoma City, for appellants.

Gordon C. Amini, Richard M. Perry, Oklahoma City, for appellee.

James W. "Bill" Berry, Berry & Berry, Inc., and Jack R. Lawrence, Lawrence, Smith & Harmon, Oklahoma City, for intervenor/appellee, United Founders Life Ins. Co.

BARNES, Justice:

This appeal is from a ruling of the District Court in an appeal brought from an administrative proceeding, pursuant to the provisions of 75 O.S.Supp.1977, § 318. The appeal to the District Court was from an order of the "Insurance Commissioner", in which he approved an application of Louis J. Roussel and American Benefit Life Insurance Company. Upon review in the District Court, the court found that the findings of fact and conclusions of law contained in the order issued by Mr. Philip Redwine (who was appointed by the Governor to hear the matter) did not comply with the provisions of 75 O.S.1971, § 312, which require that final orders in individual proceedings which are adverse to a party shall be in writing and shall contain specific findings of fact and conclusions of law. Finding that the conclusions of law and findings of fact made by Mr. Redwine were inadequate, the trial court remanded the matter for further consideration by Mr. Redwine. Mr. Roussel and American Benefit Life Insurance Company have perfected an appeal from the trial court's order.

Mr. Roussel and American Benefit Life Insurance Company, in filing their application with the Commissioner, sought to acquire control of United Founders Life Insurance Company, a domestic insurer.

Under the provisions of 36 O.S.1971, § 1653, the Insurance Commissioner is to conduct a public hearing on applications to acquire control of domestic insurance companies, and is to make a determination as to approval or disapproval within thirty days

after the closing of the hearing. At subsection (d) of that Section, the Commissioner is required to approve any merger or other acquisition of control of a domestic insurance company unless after public hearing he finds one or more of six specific conditions exist, or would exist, if the merger or acquisition took place.[1]

Because Insurance Commissioner Gerald Grimes believed that any hearing conducted by either himself or any member of his staff might give the appearance that the hearing examiner was not impartial, Commissioner Grimes wrote then Governor Boren disqualifying himself and his staff as "hearing examiners", and asking the Governor to appoint a "hearing examiner" in his stead, pursuant to the provisions of 75 O.S. 1971, § 316.

The applicable portions of 75 O.S. § 316 provide:

". . . Upon the entry of an order of disqualification affecting a hearing examiner, the agency shall assign another in his stead or shall conduct the hearing itself. Upon the disqualification of a member of an agency, the Governor immediately shall appoint a member pro tem to sit in place of the disqualified member in that proceeding. In further action, after the disqualification of a member of an agency, the provisions of Section 11 of this Act [75 O.S. § 311 dealing with the service of proposed orders upon the parties, if a proposed order is adverse to a party to the proceeding] shall apply."

Upon receipt of Commissioner Grimes' disqualification, Governor Boren issued an executive order appointing Mr. Philip Redwine as hearing examiner in Mr. Roussel's case. After conducting an extensive hearing, and receiving voluminous testimony and exhibits, Mr. Redwine issued an order approving the application of Mr. Roussel and American Benefit Life Insurance Company.

Shortly thereafter, Commissioner Grimes perfected an appeal to the District Court from Mr. Redwine's order, and United Founders Life Insurance Company intervened in that appeal, perfecting an appeal of their own.

After a lengthy hearing, the District Court entered an order reversing Mr. Redwine's approval of the application filed by Mr. Roussel and American Benefit Life.

Mr. Roussel and American Benefit Life Insurance Company have filed their petition in error asking this Court to review the actions taken by the District Court. In perfecting their appeal, the Appellants—Mr. Roussel and American Benefit Life Insurance Company—present four issues:

1. Did Insurance Commissioner Grimes have standing to maintain an appeal from the order of his alter ego, pro

---

1. 36 O.S.1971, § 1653(d), provides in part:

"(d) Approval by Commissioner: Hearings.

"(1) The Commissioner shall approve any merger or other acquisition of control referred to in subsection (a) unless, after a public hearing thereon, he finds that:

"(i) After the change of control the domestic insurer referred to in subsection (a) would not be able to satisfy the requirements for the issuance of a license to write the line or lines of insurance for which it is presently licensed;

"(ii) the effect of the merger or other acquisition of control would be substantially to lessen competition in insurance in this state or tend to create a monopoly therein;

"(iii) the financial condition of any acquiring party is such as might jeopardize the financial stability of the insurer, or prejudice the interest of its policyholders or the interests of any remaining securityholders who are unaffiliated with such acquiring party;

"(iv) the terms of the offer, request, invitation, agreement or acquisition referred to in subsection (a) are unfair, and unreasonable to the securityholders of the insurer;

"(v) the plans or proposals which the acquiring party has to liquidate the insurer, sell its assets or consolidate or merge it with any person, or to make any other material change in its business or corporate structure or management, are unfair and unreasonable to policyholders of the insurer and not in the public interest; or,

"(vi) the competence, experience and integrity of those persons who would control the operation of the insurer are such that it would not be in the interest of policyholders, shareholders or the public to permit the merger or other acquisition of control."

tem Insurance Commissioner Redwine, who was appointed by the Governor to act in his stead, after Insurance Commissioner Grimes disqualified himself?

2. Did the trial court err in permitting United Founders Life Insurance Company to intervene?

3. Was Appellants' application deemed approved by reason of the time limits imposed by 36 O.S.1971, § 1653(d)(2)?

4. Whether the provisions of 75 O.S. 1971, § 312, which require that final orders of administrative agencies in individual proceedings contain specific findings of fact and conclusions of law, are applicable to orders entered under the authority of 36 O.S.1971, § 1653.

### I.

We will first consider whether the trial court erred in permitting the intervention of United Founders Life Insurance Company, which was filed well within the appellate statute of limitations.

The applicable provisions of 75 O.S.Supp. 1977, § 318, provide:

> "Any *person or party aggrieved or adversely affected* by final order in an individual proceeding, whether such order is affirmative or negative in form, is entitled to certain, speedy, adequate and complete judicial review thereof under this Act . . . ." [Emphasis added]

As can be seen from the above quoted provisions, any *party* or *person aggrieved or adversely affected* by an order in an individual proceeding may appeal from that order. Although Appellants readily admit that United Founders Life Insurance Company is a person, as that term is used in Oklahoma's Administrative Procedures Act, they argue that United Founders was not aggrieved or adversely affected by Mr. Redwine's decision, and thus United Founders does not have standing to appeal, and therefore should not have been allowed to intervene. In making this argument, Appellants rely upon a single case, *National Motor Club of Okla., Inc. v. State Insurance Bd.,* *Okl., 393 P.2d 511 (1964).* In that case, the issue before us was whether National Motor Club was an aggrieved or affected party. In determining that National was not a party, we held that the mere fact that National participated in the hearing before the Commissioner was not determinative of that issue. We then went on to hold that National Motor Club was *not* an aggrieved or affected party, because the issuance of a motor service club agent's license to a former employee of National did not have an effect upon any of National's substantial rights.

■ Relying upon this case, Appellants conclude that because United Founders participated in the hearing below, but did not offer any evidence, United Founders has no standing to intervene. The amount of United Founders' participation below is not a material consideration in determining whether United Founders was an aggrieved or adversely affected party or person.

Oklahoma's Administrative Procedures Act defines "party" and "person" at 75 O.S. § 301. Although that Section has been amended since the case before us was appealed to the District Court, the definition of "party" or "person" has not changed. Section 301(8) defines "party" to mean ". . . a person or agency named and participating, or properly seeking and entitled by law to participate, in an individual proceeding . . . ." Subsection 9 of that same Section defines "person" to mean ". . . any individual, partnership, corporation, association, governmental subdivision, or public or private organization of any character other than an agency."

■ We hold that United Founders met both of those definitions. The application filed by Mr. Roussel and American Benefit Life Insurance Company named United Founders, and United Founders participated in the hearing. Thus, we hold that United Founders was a "party", as that word is used in our Administrative Procedures Act. As mentioned above, Appellants readily admit that United Founders was a "person", and a reading of that definition clearly supports that admission.

The determinative question is whether United Founders was a person or party *aggrieved or adversely affected* by Commissioner Redwine's order. Because United Founders was the company which the Appellants sought to take over, to say that United Founders was not affected by Mr. Redwine's order would be ludicrous. The granting of the application would have an immediate and direct effect upon United Founders, as it would permit the transfer of corporate stock, and removal of corporate officers. Accordingly, we hold that substantial rights of United Founders were adversely affected by Commissioner Redwine's ruling, and thus United Founders was aggrieved by Mr. Redwine's order. This being the case, the trial court did not commit reversible error in allowing United Founders to intervene as an appellant in the trial court proceedings.

Having held that United Founders was a proper party appellant in the trial court proceedings, it is unnecessary for us to determine whether Commissioner Grimes was a proper party appellant, because the trial court had a proper party appellant before it, raising the same issues as the Commissioner. Thus, the Commissioner's participation below cannot constitute reversible error, as his participation was not prejudicial.

## II.

■ We next consider Appellants' argument that their application was deemed approved by reason of the time limits imposed by 36 O.S.1971, § 1658(d)(2). In pertinent part, that subdivision provides:

> ". . . Any such merger or other acquisition of control shall be deemed approved unless the Commissioner has within thirty (30) days after the conclusion of such hearing, entered his order disapproving the merger or other acquisition of control. . . ."

Appellants argue that since neither Mr. Redwine nor Mr. Grimes entered an order

disapproving the proposed acquisition within thirty days of this hearing, their application was, as a matter of law, deemed approved.[2] Because Mr. Redwine (whom we deem was the Insurance Commissioner pro tem) entered an order determining the question brought before him, we deem the provisions of the above quoted statute inapplicable, because those provisions apply only in cases in which no action by the Commissioner, or one appointed in his stead, is taken within the thirty-day period. In this case, the Commissioner pro tem took action, and an appeal from his action has been perfected.

■ At this point, we deem it necessary to point out that although Commissioner Grimes requested that the Governor appoint a "hearing examiner", and the Governor designated Mr. Redwine as a "hearing examiner", the effect of the Governor's action was to appoint Mr. Redwine as Commissioner pro tem for the purpose of hearing and ruling on the application filed by Mr. Roussel and American Benefit Life. In reaching this holding, we note that under the provisions of 75 O.S.1971, § 316, the Governor is *not* authorized to appoint hearing examiners, but is only authorized to appoint individuals to serve in the place of disqualified members of the agency, such as the Insurance Commissioner. That statute also requires the Governor to appoint an agency member pro tem to sit in the place of any disqualified agency member. Because the Insurance Commissioner (a member of an agency) disqualifies, and the Governor appointed Mr. Redwine to serve as that agency member, we hold that Mr. Redwine, by virtue of the Governor's appointment, became an Insurance Commissioner pro tem. Thus, for the purposes of conducting the hearing and issuing his order, Mr. Redwine was acting as the Insurance Commissioner.

## III.

Lastly, we address an issue discussed by Appellants in the last page of their brief.

---

**2.** We would note that by agreement of all parties, Mr. Redwine's issuance of his order was extended beyond the thirty-day period. Whether that extension had any effect on the application's approval is not an issue in this case, and for that reason is not addressed in this opinion.

Appellants call our attention to the provisions of 36 O.S. § 1653(d)(2), quoted above, which provides for the approval of applications such as the one before us, as a matter of law, under certain circumstances, without the necessity of an order. Appellants argue that since approval of their application could have occurred without the issuance of an order, the provisions of 75 O.S.1971, § 312, which require that final orders in an individual proceeding, which are adverse to a party, must contain certain specific findings of fact and conclusions of law, are not applicable to Mr. Redwine's order. While we agree that the provisions of 75 O.S.1971, § 312, would not be applicable if Appellants' application were *deemed approved* because of the Commissioner's inaction, we cannot agree that the provisions of that statute are not applicable when the Commissioner does in fact issue a timely order.

The provisions of 75 O.S. § 312 provide that final orders in an individual proceeding which are adverse to a party shall be in writing and shall contain specific findings of fact and conclusions of law. We hold that this Section is applicable in all cases in which a final order adverse to a party in an individual proceeding is issued, and in all cases in which a written order is required, but was not issued. In the case before us, the order issued was adverse to a party in an individual proceeding, and thus the provisions were applicable. The mere fact that the application could have been approved in another manner (not requiring a written order) does not relieve the Commissioner from the requirements set forth at 75 O.S. § 312, if he issues an order. The underlying rationale of such a requirement is to enable reviewing courts to intelligently review the orders of administrative agencies and ascertain if the facts and law upon which the order is based afford a reasonable basis for the order. In short, specific findings of fact and conclusions of law are deemed necessary for an intelligent review of an agency's order. The ability to make an intelligent review is no less critical in cases in which the action of the agency could have been achieved without the issuance of an order, yet an order was issued. If the agency proceeded by order, the order must be susceptible to intelligent review. Thus, we hold that the trial court was correct in ruling that Commissioner pro tem Redwine's order had to comply with the provisions of 75 O.S.1971, § 312. In so ruling, we would note that the review in the trial court was not a trial de novo review. Had this been the case, the sufficiency of the order issued by Mr. Redwine would have been immaterial, because if the review were a de novo review the matter would have been tried as if there never had been a first hearing.

While it is true that the provisions of 36 O.S.1971, § 320, provide that appeals from Insurance Commissioner's orders shall be taken to the District Court, and heard on a de novo basis, the provisions of 36 O.S. § 320 have been superseded by 75 O.S. § 318, part of our Administrative Procedures Act.

In *Trask v. Johnson, Okl., 452 P.2d 575 (1969)*, in determining whether a party appealing from an order of the Alcoholic Beverage Control Board was entitled to a trial de novo in the District Court on appeal, this Court held that although the provisions of a statute dealing specifically with appeals from the Alcoholic Beverage Control Board (37 O.S.1961, § 531) provided for a trial de novo, the newly enacted Administrative Procedures Act was controlling, as it was the intent, purpose, and object of the Legislature in enacting the Administrative Procedures Act to provide a "uniform system of regulations concerning administrative procedures in and before, and judicial review of the actions of, all state boards, commissions, departments, authorities, bureaus and officers authorized by the Constitution or statutes to make 'rules' or to formulate 'orders' [as those terms are defined and used in the Act] other than those specifically excepted by provisions of the act, from the operation thereof."

In so holding, we noted that Section 327 of the Administrative Procedures Act expressly provided that "all laws or parts of

laws in conflict herewith are hereby re-pealed to the extent of such conflict." In *Trask v. Johnson,* in interpreting this general repealer provision, we held that:

".  .  . So, although Section 27 of the Administrative Procedures Act does not mention, *specifically,* any such prior act or statute, [acts or statutes dealing with procedures before a government agency] it must be construed—in order to have any meaning at all—as evidencing a legislative intent to repeal, or render in-operative, all provisions of all such single-agency laws which are in conflict with the provisions of the Administrative Procedures Act." [Bracketed information added]

Thus, in *Trask,* in determining what type of an appeal may be had from an order of the Alcoholic Beverage Control Board, we ruled that the provisions of the Administrative Procedures Act controlled over the provisions of 37 O.S.1961, § 531, holding that the Appellant was not entitled to a trial de novo.

Similarly, in *Baggett v. Webb, Okl., 557 P.2d 433 (1976),* we held that a party appealing from an order of the Commissioner of Public Safety which revoked a driver's license for failure to comply with the provisions of the Oklahoma Financial Responsibility Act, was not entitled to a trial de novo, as the provisions of the Administrative Procedures Act controlled over the provisions of 47 O.S.1971, § 7–102, which provided for appeals from orders of the Commissioner under Oklahoma's Financial Responsibility Act.

Also see *Isbell v. State, Okl., 603 P.2d 558 (1979),* in which we held that the provisions of the Oklahoma Administrative Procedures Act prevailed over single-agency legislation in determining whether the single-agency legislation's time for appeal, or the time for appeal set out in the Oklahoma Administrative Procedures Act was applicable. Based on our holdings in *Trask v. Johnson, Baggett v. Webb,* and *Isbell v. State,* we hold that the trial court was correct in conducting a review on the record, and also hold, for the reasons outlined above, that the trial court was correct in ruling that the order issued by Mr. Redwine had to comply with the provisions of 75 O.S.1971, § 312.

In holding that the trial court was correct in ruling that the Commissioner pro tem's order had to comply with the provisions of 75 O.S.1971, § 312, we make no ruling as to whether the order did or did not meet the statutory requirements, as that issue was not raised on appeal.

For the above stated reasons, we affirm the action of the trial court, which reversed the cause and remanded it to Commissioner pro tem Redwine for further proceedings.

ORDER OF THE TRIAL COURT AFFIRMED.

All the Justices concur.