Maurice David LOWRY, Appellant,

v.

**BOARD OF CHIROPRACTIC EXAMINERS for the State of Oklahoma, Appellee.**

No. 53325.

Supreme Court of Oklahoma.

July 7, 1981.

---

George Washington, Jr., Washington & Washington, Tulsa, for appellant.

Jan Eric Cartwright, Atty. Gen. of Oklahoma, John Gregory Thomas, Asst. Atty. Gen., Oklahoma City, for appellee.

BARNES, Vice Chief Justice:

On February 15, 1977, Maurice David Lowry, a chiropractor, was convicted in the U.S. District Court for making false entries on Medicare claim forms. On February 28, 1977, the Chiropractic Examiners Board sent Dr. Lowry written notice that it had received a copy of the judgment of the District Court and that a hearing had been set for the purpose of revocation or suspension of his license to practice Chiropractic.

Dr. Lowry responded on March 1, 1977, acknowledging receipt of the Board's letter. He also advised the Board that he did not receive a copy of the complaint which had been filed against him and requested a copy of the complaint. On March 15, 1977, the Board sent Dr. Lowry a copy of the complaint signed by Dr. M. D. Mullenax.

The hearing was held on May 26, 1977. At the conclusion of the hearing, the Board revoked Dr. Lowry's license, effective June 15, 1977.

Dr. Lowry appealed to the District Court of Tulsa County, seeking a trial de novo. The District Court denied Appellant's request for a trial de novo, but conducted a review of the Board's proceeding, affirming the Board's decision.

Dr. Lowry now appeals from the trial court's decision, raising two independent grounds for reversal: (1) the trial court's refusal to provide a trial de novo; and (2) the Board members' refusal to disqualify themselves.

## I.

### DID THE DISTRICT COURT ERR BY REFUSING TO GRANT APPELLANT A TRIAL DE NOVO?

Appellant contends that the specific statute dealing with the Chiropractic Board, 59 O.S. 1971, § 164e, establishes his right to a trial de novo, rather than a review of the record. This statute reads in part that, ". . . issues on said appeal shall be tried de novo. . . ."

Well-established holdings of this Court force rejection of Appellant's argument that the above-quoted provision entitled him to a trial de novo on appeal. Several cases hold that the review procedure outlined in the Administrative Procedures Act, 75 O.S. 1971, § 321, controls over the mandates of a single agency act. This statute provides that in appeals from an administrative decision ". . . the review shall be conducted by the court without a jury and shall be confined to the record. . . ."

In *Trask v. Johnson*, 452 P.2d 575 (Okl. 1969), we held that the clear intent of the Legislature in adopting the Administrative Procedures Act was to provide a uniform

method of appeal from decisions of the various regulatory agencies and boards. The intent of the Legislature in this instance is sufficient to overcome any position based on the theory that "specific" statutes take precedence over "general" statutes.

*Trask* was reaffirmed in *Frank v. Oklahoma Real Estate Commission*, 512 P.2d 190 (Okl.1973). We ruled in this case, involving the suspension of Appellant's real estate license, that the appeal provisions of the Administrative Procedures Act are followed rather than the procedures outlined in the statute governing the specific agency. A similar result was reached in *Baggett v. Webb*, 557 P.2d 433 (Okl.1976). In *Baggett* an appeal from the suspension of Petitioner's driver's license was perfected. Once again, we held that the procedure for appropriate review is found in the Administrative Procedures Act rather than in a single agency act.

For the reasons set forth above, we hold that the trial court did not err in denying Appellant a trial de novo.

### II.

DID THE DISTRICT COURT ERR BY UPHOLDING THE BOARD MEMBERS' REFUSAL TO DISQUALIFY THEMSELVES?

The Appellant contends that the members of the Board of Examiners should have disqualified themselves from hearing the action against him because the Board initiated proceedings against him without a sworn citizen complaint.

Appellant's argument is based on 59 O.S. 1971, § 164d, which appears to require the existence of a sworn citizen complaint before a revocation or suspension proceeding is commenced.

Appellant's theory is groundless. The purpose of requiring a sworn complaint before the initiation of proceedings is to reduce the possibility of arbitrary actions by the Board members. In this case, the Board acted on Appellant's conviction, which was a matter of public record. Lowry's conviction had occurred before the Board initiated the proceedings against him. As a matter of fact, the original letter sent to Dr. Lowry contained direct reference to his conviction. The interpretation of the "complaint requirement" urged by the Appellant would weaken the obvious public protection purpose of the laws regulating this profession by denying the reviewing Board freedom to act when there is no reason for any delay.

For these reasons, we find that the Board of Examiners acted within the confines of its powers and that the Appellant was afforded all necessary safeguards. Thus, we find that the trial court did not err in affirming the Board's refusal to disqualify.

For the above stated reasons, we affirm the action of the trial court.

AFFIRMED.

IRWIN, C. J., and WILLIAMS, HODGES, LAVENDER, SIMMS, HARGRAVE and OPALA, JJ., concur.