2001 OK CIV APP 107

**Lula WALKER, d/b/a Sheila's Kid World I and II, Plaintiff/Appellant,**

v.

**OKLAHOMA DEPARTMENT OF HUMAN SERVICES, Defendant/Appellee.**

**No. 94,973.**

Court of Civil Appeals of Oklahoma, Division No. 3.

July 20, 2001.

---

John Hunsucker, Oklahoma City, OK, for Plaintiff/Appellant.

Kathryn Boyle Brewer, Oklahoma City, OK, for Defendant/Appellee.

## OPINION

GARRETT, Judge:

¶1 Appellant, Lula Walker, d/b/a Sheila's Kid World I and II, applied to Appellee, the Oklahoma Department of Human Services, for a permanent license to operate a child care facility, pursuant to the Oklahoma Child Care Facilities Licensing Act, 10 O.S. 1991 §§ 401 et seq., as amended (the Child Care Act). Appellant had been operating on a temporary six-month permit. Appellee denied Appellant's application, citing Appellant's failure to correct previously cited conditions of non-compliance with the Act. Appellant requested a hearing which was held February 16–17, 2000, before the Child Care Advisory Committee. It was conducted by a D.H.S. Hearing Examiner. The Committee upheld Appellee's decision, and written notice of the ruling was sent to Appellant by

the Commission of Human Services (the Commission). On March 7, 2000, Appellant filed a Petition for Appeal to the district court, which affirmed the Commission. Appellant timely filed this appeal from the order affirming the Commission.

¶ 2 First, Appellant contends she was denied due process because the administrative hearing officer violated 75 O.S. Supp.1998 § 311. Section 311 mandates that, if the agency head had not heard the case or read the record, then before a final agency order adverse to a party is made, a copy of the proposed order shall be sent to the parties at least fifteen days before the hearing or meeting. At the hearing or meeting, parties may file exceptions, present briefs and oral argument concerning the proposed order. Appellant also contends the district court was required to consider the case on appeal by *de novo* review, but failed to hold a hearing and summarily rejected the appeal without specific findings of fact or conclusions of law in its order.

 ¶ 3 Appellee correctly responds that § 311 is inapplicable because the Commission for Human Services has been exempted from the requirements of Article II of the Administrative Procedures Act (APA), pursuant to 75 O.S. Supp.1999 § 250.4(B)(2),[1] (amended 2000). Article II, relating to agency notice and hearing requirements for individual proceedings, is designated as sections 308a

through 323. See 75 O.S. Supp.1997 § 250.1. Appeals of child care licensing facilities proceedings are governed by the Child Care Licensing Act, 10 O.S. Supp.1993 § 408(A),[2] (amended 2001). In response to Appellant's argument that the district court was required to proceed *de novo*, Appellee concedes that although § 408 provides for an appeal to the district court, it does not provide a standard of review for an agency order by a district court. Appellee cites § 321 which provides for review by the court without a jury; and § 322 which provides for the district court's power to set aside the order, or to reverse and remand for further proceedings. Although sections 321 and 322 are part of Article II of the APA, we hold these sections *relating to review of an agency order* may be applied to the instant case.

¶ 4 The Child Care Act clearly provides for review of an agency order in the district court, it does not address the standard of review by the district court. The Oklahoma Supreme Court cases which address review of agency orders recognize that the Legislature intended to have uniformity in review proceedings under the APA, even when specific statutes conflicted with it. See *Lowry v. Board of Chiropractic Examiners*, 1981 OK 80, 631 P.2d 737; *Roussel v. State ex rel. Grimes*, 1980 OK 101, 614 P.2d 53; *Baggett v. Webb*, 1976 OK 176, 557 P.2d 433; and *Trask v. Johnson*, 1969 OK 57, 452 P.2d 575.

1. **250.4. Compliance with act—Exemptions**

 A. 1. Except as is otherwise specifically provided in this subsection, each agency is required to comply with Article I of the Administrative Procedures Act.

 . . .

 B. As specified, the following agencies or classes of agency activities are not required to comply with the provisions of Article II of the Administrative Procedures Act:

 . . .

 2. The Commission for Human Services; . . . .

2. **408. Appeals**

 A. Any licensee or applicant aggrieved by the decision of the Department of Human Services under Sections 405 or 407 of this title may, within ten (10) days after the revocation or refusal to issue or renew the license, appeal to the district court of the county in which the child care facility is maintained and operated by filing with the clerk of the court a verified petition.

Notice of such appeal shall be served on the Director of the Department within five (5) days of the date of its filing.

B. The Department shall, within ten (10) days of the service of such notice, file with the clerk of such court a transcript of the proceedings had before it. The district court shall thereupon be vested with jurisdiction to review the proceedings of the Department; provided that, if the Department prevails, the judgment of the district court shall be that the decision of the Department be affirmed, and if the licensee or applicant prevails, the judgment of the court shall be that the revocation be set aside or the license issued or renewed, as the case may be. Pending the hearing of the appeal, the action of the Department revoking or refusing issuance or renewal of the license or the granting thereof shall be stayed; provided, after the filing of an appeal, the district court, upon application by the Department and after an appropriate hearing, may grant a restraining order to enforce the decision of the Department.

¶ 5 As there is no statute defining the standard of review in the Child Care Act, we look to the review sections under the APA, 75 O.S.1991 §§ 318–323. Under 75 O.S.1991 § 321, the review is to be made on the record before the administrative agency. It provides:

The review shall be conducted by the court without a jury and **shall be confined to the record**, except that in cases of alleged irregularities in procedure before the agency, not shown in the record, testimony thereon may be taken in the court. The court, upon request, shall hear oral argument and receive written briefs. [Emphasis supplied.]

Therefore, we hold Appellant was not entitled to a *de novo* review proceeding. Appellant's citation to *Sipes v. State ex rel. Department of Public Safety*, 1997 OK CIV APP 82, 950 P.2d 881, is misplaced. The Court of Civil Appeals was considering a drivers' license statute under title 47. The Court held the Legislature's amendment of 47 O.S.1981 § 6–211(A), limiting the statute to proceedings based upon a licensee's implied consent violation, indicated the Legislature intended a *de novo* review in the district court of cases involving the refused submission to breath, blood, saliva or urine tests under the implied consent laws. In the instant case, the district court serves as a court of appellate jurisdiction and the appeal is considered on the administrative record. See the distinction made by the Court in *Sipes* as to the difference between a court exercising original jurisdiction, and a court exercising appellate jurisdiction. 1997 OK CIV APP 82, ¶¶ 14–17, 950 P.2d 881, 883–884. "Under statutes giving the right of appeal, no case can be tried de novo in the appellate court unless such statute expressly permits or directs such a course to be pursued." 1997 OK CIV APP 82, ¶ 16, 950 P.2d 881, 884.

¶ 6 Appellant also complains that the district court did not hold a hearing to allow oral argument. She contends there were irregularities in the hearing before the Child Care Advisory Committee, in that some of the evidence allowed on behalf of Appellee was outside the relevant time period, and that some of her evidence, showing her compliance with the Child Care Act, was improperly excluded, to her prejudice.

¶ 7 In the instant case the district court issued the following letter to the counsel of record:

Pending is the Plaintiff's appeal from an administrative order.

Following is the briefing schedule:

Plaintiff's brief is due May 17.

Defendant's response brief is due May 24.

Plaintiff's reply brief (if desired) is due May 30.

The court will decide the appeal on the briefs.

Judge Niles Jackson

¶ 8 The prayer in Appellant's "Certificate of Appeal" in the district court contained a request for a hearing, and we find it was a sufficient request for oral argument. The district court erred in issuing its order determining the appeal without oral argument.

¶ 9 Under the APA, a district court, this Court and the Supreme Court apply the same review standards to the administrative record. The review is confined to the record made before the administrative tribunal. *City of Tulsa v. State ex rel. Public Employees Relations Board*, 1998 OK 92, 967 P.2d 1214, 1219. An administrative order is subject to reversal, however, if a party's substantial rights are prejudiced because the agency's decision is entered in excess of its statutory authority or jurisdiction, or if an order is entered based on an error of law. *Id.*

¶ 10 We do not reach the merits of this appeal, as we hold Appellant was entitled to oral argument before the district court. We do not decide whether Appellant's allegations of improper admission of evidence are meritorious. However, Appellant had a statutory right to present such allegations, and the trial court shall decide at that time if further testimony is warranted. See 75 O.S.1991 § 321.

¶ 11 REVERSED AND REMANDED.

¶ 12 HANSEN, C.J., and BUETTNER, P.J., concur.