MONTES v. STATE ex rel. OKLAHOMA DEPT. OF HUMAN SERVICES



 

 
 
 
 
 
 Skip to Main Content
 Accessibility Statement
 
 
 
 
 
 Help
 Contact Us
 
 
 
 
 e-payments
 Careers
 
 
 
 
 
 
 
 
 
 
 
 Home
 Courts
 Decisions
 Programs
 News
 Legal Research
 Court Records
 Quick Links
 
 
 
 
 
 OSCN Found Document:MONTES v. STATE ex rel. OKLAHOMA DEPT. OF HUMAN SERVICES

 

 
 



 
 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 

 
 MONTES v. STATE ex rel. OKLAHOMA DEPT. OF HUMAN SERVICES
2019 OK CIV APP 42
Case Number: 116683
Decided: 06/26/2019
Mandate Issued: 07/24/2019
DIVISION II
THE COURT OF CIVIL APPEALS OF THE STATE OF OKLAHOMA, DIVISION II
Cite as: 2019 OK CIV APP 42, __ P.3d __

 

CANDICE MONTES, Plaintiff/Appellant,
v.
STATE OF OKLAHOMA ex rel. OKLAHOMA DEPARTMENT OF HUMAN SERVICES, RESTRICTED REGISTRY REVIEW COMMITTEE, Defendant/Appellee.

APPEAL FROM THE DISTRICT COURT OF
CANADIAN COUNTY, OKLAHOMA

HONORABLE PAUL HESSE, TRIAL JUDGE

DISTRICT COURT ORDER VACATED; AGENCY ORDER SET ASIDE

Ky D. Corley, BAKER, IHRIG & CORLEY, P.C., Stillwater, Oklahoma, for Plaintiff/Appellant

Bonnie Clift, ASSISTANT GENERAL COUNSEL, DEPARTMENT OF HUMAN SERVICES, Oklahoma City, Oklahoma, for Defendant/Appellee

P. THOMAS THORNBRUGH, JUDGE:

¶1 Plaintiff, Candice Montes, seeks review of an order by the district court affirming a Department of Human Services (DHS) administrative hearing officer's (AHO's) decision that sustained the agency's decision to list Plaintiff's name on Oklahoma's child care "Online Restricted Registry" (Restricted Registry or Registry). For the reasons set forth below, we find the decisions by the trial court and DHS to list Plaintiff on the Registry are erroneous as a matter of law and must be vacated and set aside.

BACKGROUND

¶2 DHS is the state administrative agency required to establish and maintain the Restricted Registry pursuant to 10 O.S.2011 & Supp. 2018 § 405.3. This matter concerns the DHS Restricted Registry Review Committee's decision to list Plaintiff on the Registry following a finding by DHS that allegations of "lack of supervision and threat of harm" to a child while in Plaintiff's care were "substantiated."

¶3 The facts underlying the "substantiated" finding are largely undisputed. In August 2015, Plaintiff, the owner and director of a newly licensed child care facility in Yukon, inadvertently left a sleeping 3-year-old child in a locked vehicle after Plaintiff had returned to the facility and gone inside. Although the length of time the child was left unattended remains unclear, there was no evidence the child, who was awake and crying when he was found, sustained physical harm. The incident occurred on the first day of the school year and Plaintiff had picked the child up, along with several other children, from pre-school before returning to the facility to drop the children off. The children were "unloaded" by a facility worker while Plaintiff waited in the vehicle, and Plaintiff had then gone to Sonic and to make a drive-through bank deposit without realizing the child in question had mistakenly been left in the back seat. The temperature outside was in the low 70s, which was lower than normal for that time of year.

¶4 After receiving a referral about the incident and making an investigation, DHS child welfare service investigators prepared and submitted a report to the Canadian County District Attorney. The report reflected the investigators' conclusion that "[b]ecause [the child] was carelessly left in an unattended vehicle and made unsafe," the allegations against Plaintiff were "substantiated." Plaintiff did not appeal this finding. The district attorney did not file criminal charges.

¶5 DHS thereafter forwarded its report to the DHS Restricted Registry Review Committee (Committee), together with a copy of the notice sent to Plaintiff and a document indicating that Plaintiff had not appealed. DHS then informed Plaintiff that her name had been "proposed to be recorded" on the Restricted Registry based on "a substantiated or confirmed finding of abuse or neglect that occurred to a child(ren) while in the care of a licensed child care program."

¶6 Under DHS rules, an individual whose name is placed on the Registry--i.e., a "registrant"--is prohibited from ownership or licensure of, or employment in, a child care program as well as from "unsupervised access to children" in a program. Okla. Admin. Code (OAC) 340:110-1-10.1(a). A registrant may not seek removal from the Registry for at least 60 months. OAC 340:110-1-10.1(p).

¶7 Plaintiff appealed the Committee's decision to the DHS Appeals Unit, and an AHO heard the matter in January 2017. DHS called one witness, Jennifer Towell, who described her job as including oversight of the Registry. She stated that the Committee's decision to list Plaintiff was based on its consideration of the DHS investigative report, which was in evidence and included a description of the investigators' interviews with "collateral" witnesses who stated that Plaintiff attempted to "cover up" the incident primarily by instructing staff not to discuss it. Towell also said the Committee had access to the "full child welfare referral report," which was not in evidence, and also considered it significant that Plaintiff had not appealed DHS's "substantiated" finding. She said the Committee conducted no independent interviews with DHS investigators or the collateral witnesses, however. The document entered into evidence reflecting Committee members' votes does not make specific findings concerning criteria the Committee was required to consider. It is not clear from Towell's testimony whether those criteria were considered, and even if they were considered, how they factored into the Committee's decision.

¶8 Plaintiff called three witnesses, including herself. Plaintiff testified that she had not appealed the "substantiated" finding because she admitted that the child had been left in her car unattended, even though she disputed the two-hour time that DHS claimed the child was alone, and stated the time length was no more than 15 to 25 minutes. She said that a DHS investigative worker also told her that appealing the decision would be pointless because Plaintiff admitted the underlying incident; however, Plaintiff said she did not understand that her right to continue in the child care business could be lost.

¶9 Plaintiff also denied attempting to "cover up" the incident, but said she was told by her DHS child care licensing worker not to discuss the matter with anyone until the investigation was complete, and to tell her staff likewise. Plaintiff's other witnesses supported Plaintiff's contention that, after the incident, she took immediate and substantial steps to assure that the facility had more consistent policies and procedures in place to assure that all children were accounted for at all times, and that she had worked with child welfare officials to implement those policies.

¶10 At the close of the evidence, the AHO left the record open to allow Plaintiff to submit additional evidence to support her contention that the time the child was left unattended was no more than 15 to 25 minutes.[1] The transcript of the proceeding reflects confusion as to how the evidence was to be submitted and conveyed to the AHO, but both parties were then allowed to make supplemental, written "closing arguments" that refer to the evidence and are included in the administrative record. The AHO thereafter entered an order affirming the Committee's decision "based on [a] substantiated finding of abuse or neglect . . . that occurred to a child while in the care of a licensed child care program," but making no further findings.

¶11 Plaintiff appealed to district court. After review of the administrative record, including a transcript of the proceeding before the AHO and the parties' briefs, the trial court affirmed the AHO's ruling, stating merely that DHS had acted "within [its] statutory authority" by placing Plaintiff's name on the Registry and there was "no error of law" in the proceedings. Plaintiff seeks review here.

STANDARD OF REVIEW

¶12 While the state Child Care Facilities Licensing Act[2] and DHS rules provide for the right of appeal from an agency decision, the Act does not prescribe the standard of review to be used by the district court or by this Court.[3] In addition, DHS is not required to comply with the Oklahoma Administrative Procedures Act's (OAPA's) Article II, governing individual proceedings. 75 O.S.2011 § 250.4(B)(2). However, this Court, noting that the Oklahoma Supreme Court has consistently recognized the Legislature's intent to provide uniformity in judicial review of administrative proceedings under the OAPA, has applied the OAPA standard in a child care facility licensing appeal. See Walker v. Okla. Dep't of Human Serv., 2001 OK CIV APP 107, ¶¶ 4-5 and 9, 32 P.3d 881 (citing, inter alia, City of Tulsa v. State ex rel. Pub. Emp. Relations Bd., 1998 OK 92, 967 P.2d 1214). The OAPA standard is fully set forth at OAPA §§ 318 through 322, and was described by the Supreme Court in its City of Tulsa opinion as follows:

Generally, an administrative decision . . . should be affirmed if it is a valid order and the administrative proceedings are free from prejudicial error to the appealing party. An administrative order, however, is subject to reversal if an appealing party's substantial rights are prejudiced because the agency's decision is entered in excess of statutory authority or jurisdiction, or an order is entered based on an error of law.

Reversal is also appropriate if the agency's findings are clearly erroneous in view of the reliable, material, probative and substantial competent evidence in the record. As to factual questions, neither a district court [nor] this Court is entitled to substitute its judgment for that of the agency as to the weight of the evidence.

1998 OK 92 at ¶¶ 12-13 (citations omitted); see also Agrawal v. Okla. Dep't of Labor, 2015 OK 67, ¶ 5, 364 P.3d 618 (order "is subject to reversal, . . . if the appealing party's substantial rights were prejudiced because the agency's findings, inferences, conclusions or decisions were entered in excess of its statutory authority or jurisdiction, or were arbitrary, capricious, or clearly erroneous in view of the reliable, material, probative and substantial competent evidence").

ANALYSIS

¶13 Plaintiff contends the DHS decision to list her on the Restricted Registry is erroneous as a matter of law because it fails to reflect that the agency, at any step of the proceedings, applied the correct standard of review to the evidence. She further contends the decision was arbitrary and capricious because the record shows the Committee failed to consider the various factors required by DHS rules before placing Plaintiff's name on the Registry.

¶14 Title 10 O.S.2011 & Supp. 2018 § 406 authorizes DHS to investigate a complaint alleging a violation of the Child Care Facilities Licensing Act or any DHS licensing standard. Upon completing that investigation, under § 406(D), DHS "shall clearly designate its findings . . . [which] shall state whether the complaint was substantiated or unsubstantiated." "Substantiated" is defined in the Oklahoma Children's Code[4] within the Code's definition of "Investigation" at 10A O.S.2011 & Supp. 2018 § 1-1-105(39)(b)(1), as follows:

(1) "substantiated" means the Department has determined, after an investigation of a report of child abuse or neglect and based upon some credible evidence, that child abuse or neglect has occurred.
[Emphasis added].[5]

 

¶15 The meaning of "substantiated" found at 10A O.S. § 1-1-105 is incorporated into the statutory directive for DHS to establish and maintain the Registry, 10 O.S. 2011 & Supp. 2018 § 405.3, which also authorizes DHS to promulgate rules and procedures related to recording individuals on the Registry. The Registry itself is described at OAC 340:110-1-10.1. The rule provides that registration of an individual "may result" after review by the Registry Committee when a "substantiated finding" of abuse or neglect has been made as to a child in the care of a licensed facility. OAC 340:110-1-10.1(b). In addition, the Committee must consider a number of other factors:

 

(j) Restricted Registry Review Committee. The Restricted Registry Review Committee consists of six DHS staff and one OJA staff, who make a determination of registration within 30-calendar days of receipt of necessary information from Restricted Registry staff.

(1) Criteria considered for Restricted Registry registration include, the:

(A) individual's age at the time of the offense(s);
(B) length of time since the offense(s) occurred;
(C) number and types of offenses the individual was convicted for, or for findings made;
(D) circumstances surrounding commission of the offense(s) demonstrating willful intent;
(E) likelihood the individual will re-offend; and
(F) other documentation submitted indicating children's health, safety, and well-being are, or are not endangered.

(2) The Restricted Registry Review Committee standard to determine Restricted Registry registration by clear and convincing evidence includes consideration of:

(A) the individual's history of behavior likely to create a reasonable risk of harm to children; and
(B) if the individual is unsafe with children; either alone or in a group.

OAC 340:110-1-10.1(j) (emphasis added).

¶16 Thus, the rule is clear that the Committee's authority to list an individual on the Registry must be based on a decision both evaluated under, and supported by, the standard of "clear and convincing evidence." The same standard applies in proceedings governing appeals from the Committee's decision. Pursuant to OAC 340:2-5-119(a), the standard of review applicable to an AHO's review of a DHS action is whether the DHS decision "is supported by clear and convincing evidence and not contrary to the applicable law." Under subpart (b) of the same rule, the burden of proof is on "DHS to show that [a] person should be recorded on the Child Care Restricted Registry." DHS rules define "clear and convincing evidence," in turn, as "the degree of proof that produced in the AHO a firm belief as to the truth of the allegation sought to be established." OAC 340: 2-5-112.

¶17 Here, the administrative record shows on its face that neither the Committee nor the AHO considered any factor other than that DHS deemed "substantiated" the allegation of abuse or neglect by Plaintiff. This is tantamount to allowing a DHS "substantiated" finding, in and of itself, to warrant listing on the Registry. A substantiated finding, however, need only be supported by "some credible evidence," which obviously is not equivalent to "clear and convincing evidence." Allowing a listing on the Registry based solely on a "substantiated" finding runs counter to DHS's own rules, which clearly contemplate that other factors be taken into account when such a decision is made--signaling that a "substantiated" finding alone, whether appealed or not, is insufficient.

¶18 Although this Court may not substitute its own judgment for that of the agency on questions of fact, we may reverse or set aside an administrative order "if an appealing party's substantial rights are prejudiced because the agency's decision is entered in excess of statutory authority or jurisdiction, or an order is entered based on an error of law." City of Tulsa, 1998 OK 92 at ¶ 12. A party also may obtain relief from an administrative decision upon a showing to this Court that the "substantial rights of the appellant . . . have been prejudiced because the agency findings, inferences, conclusions or decisions are ... arbitrary or capricious." State ex rel. Bd. of Trustees of Teachers' Ret. Sys. v. Garrett, 1993 OK CIV APP 29, ¶ 6, 848 P.2d 1182 (footnote omitted). "Arbitrary and capricious" is defined as action which is "willful and unreasonable without consideration or in disregard of facts or without determining principle," or "unreasoning . . . in disregard of facts and circumstances." Id.; see also NVI, LLC v. Okla. Dep't of Envtl. Quality, 2012 OK CIV APP 30, ¶ 8, 276 P.3d 1069.

¶19 We find that the record here shows the agency--at both the Committee and Appeals Unit level--went outside its authority and erred as a matter of law in failing to apply the correct standard of review to the evidence presented by DHS and, at the Appeals Unit level, by Plaintiff--to the extent that, from what appears on the record--it ignored the factors required by DHS rules. We thus hold the agency acted arbitrarily and capriciously by disregarding the requirements of DHS rules, and erred as a matter of law by applying the wrong standard to the evidence as to whether Plaintiff's name should be placed on the Registry. Consequently, we hold that the trial court erred in affirming the DHS decision, and vacate the district court's order. Pursuant to 10 O.S.2011 § 408(B), we hold that the DHS decision to place Plaintiff's name on the Restricted Registry also must be set aside.

CONCLUSION

¶20 The decision by DHS to place Plaintiff's name on the Restricted Registry was arbitrary and capricious and erroneous as a matter of law, and must be set aside. Consequently, the district court's order affirming the DHS decision also was in error, and must be vacated.

¶21 DISTRICT COURT ORDER VACATED; AGENCY ORDER SET ASIDE.

FISCHER, P.J., and GOODMAN, J., concur.

FOOTNOTES

[1] This procedure is allowed by OAC 340:2-5-117(a)(1).

[2] Title 10 O.S.2011 & Supp. 2018 §§ 401 through 418.

[3] Title 10 O.S.2011 § 408, governing appeals from DHS administrative decisions that deny or revoke a child care facility license, is made applicable to appeals from DHS decisions to list an individual or facility on the Restricted Registry under DHS's administrative rules. See OAC 340:2-5-110. Section 408 states:

A. Any licensee or applicant aggrieved by the decision of the Department of Human Services . . . may, within ten (10) days after the revocation or denial of the license, appeal to the district court of the county in which the child care facility is maintained and operated . . .

B. The licensee or applicant shall, within twenty (20) days of the filing of the appeal, file with the clerk of such court a transcript of the proceedings . . . . [and] [t]he district court shall thereupon be vested with jurisdiction to review the proceedings of the Department; provided that, if the Department prevails, the judgment of the district court shall be that the decision of the Department be affirmed, and if the licensee or applicant prevails, the judgment of the court shall be that the revocation be set aside or the license issued or renewed, as the case may be. . . .

[4] Title 10A O.S.2011 & Supp. 2018 §§ 1-1-101 through 1-9-122.

[5] Though the "Definitions" section of the Oklahoma Children's Code has been amended several times, this definition of "substantiated" has remained unchanged since June 2012, and the requirement that a "substantiated" finding be based on "some credible evidence" has been in the statute since July of 2009. When child abuse or neglect is substantiated, the Department may recommend: "(a) court intervention if the Department finds the health, safety, or welfare of the child is threatened, or (b) child abuse and neglect prevention- and intervention-related services for the child, parents or persons responsible for the care of the child if court intervention is not determined to be necessary[.]" Title 10A O.S. Supp. 2018 § 1-1-105(39)(b)(1).

 






 Citationizer© Summary of Documents Citing This Document
 
 
 
 Cite
 Name
 Level
 
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 
 Cite
 Name
 Level
 
 
 
 Oklahoma Court of Civil Appeals Cases
 Cite
Name
Level

 1993 OK CIV APP 29, 848 P.2d 1182, 64 OBJ 1081, State ex rel. Bd. of Trustees of Teachers' Retirement System v. Garrett
Discussed
 2001 OK CIV APP 107, 32 P.3d 881, 72 OBJ 2759, WALKER v. OKLAHOMA DEPT. OF HUMAN SERVICES
Discussed
 2012 OK CIV APP 30, 276 P.3d 1069, NVI, LLC v. OKLAHOMA DEPARTMENT OF ENVIRONMENTAL QUALITY
Discussed
Oklahoma Supreme Court Cases
 Cite
Name
Level

 2015 OK 67, 364 P.3d 618, AGRAWAL v. OKLAHOMA DEPT. OF LABOR
Discussed
 1998 OK 92, 967 P.2d 1214, 69 OBJ 3242, City of Tulsa v. State ex rel. Public Employees Relations Board
Discussed at Length
Title 10. Children
 Cite
Name
Level

 10 O.S. 405.3, Child Care Restricted Registry
Discussed
 10 O.S. 401, Short Title - Purpose and Policy - Minimum Standards
Cited
 10 O.S. 406, Investigations and Visitation
Cited
 10 O.S. 408, Appeals
Discussed
Title 75. Statutes and Reports
 Cite
Name
Level

 75 O.S. 250.4, Compliance with Act - Exceptions
Cited


 
 








 
 
 
 

 
 

 
 
 
 oscn
 
 EMAIL: webmaster@oscn.net
 Oklahoma Judicial Center
 2100 N Lincoln Blvd.
 Oklahoma City, OK 73105
 
 
 courts
 
 Supreme Court of Oklahoma
 Court of Criminal Appeals 
 Court of Civil Appeals
 District Courts
 
 
 
 decisions
 
 New Decisions
 Supreme Court of Oklahoma
 Court of Criminal Appeals
 Court of Civil Appeals
 
 
 
 programs
 
 The Sovereignty Symposium
 
 Alternative Dispute Resolution
 Early Settlement Mediation
 Children's Court Improvement Program (CIP)
 Judicial Nominating Commission
 Certified Courtroom Interpreters
 Certified Shorthand Reporters
 Accessibility ADA
 
 
 
 
 
 
 
 
 Contact Us
 Careers
 Accessibility ADA