G.W. DENNEY, aka George W. Denney, and Patricia A. Denney, husband and wife, Appellants,

v.

Clifton H. SCOTT, Auditor and Inspector of the State of Oklahoma, and Earl E. Westmoreland and Harry Westmoreland, Appellees.

No. 73949.

Supreme Court of Oklahoma.

Sept. 29, 1992.

Rehearing Denied March 23, 1993.

Robert S. Settles, Antlers, for appellants.

Jim McGoodwin, Office of State Auditor and Inspector, Oklahoma City, for appellee Scott.

Cheri M. Wheeler, Oklahoma City, for appellees Westmoreland.

SIMMS, Justice.

G.W. and Patricia Denney appeal the final order of the district court which affirmed the order of Clifton H. Scott, Auditor and Inspector of the State of Oklahoma

(the Auditor) in his capacity as administrator of the Oklahoma Abstractors Law, 74 O.S.Supp.1984, § 227.10 et seq. The Auditor's order upheld the findings of a board appointed by the Auditor to hear the Denney's complaint regarding the transfer and revocation of Certificate of Authority No. 100. We affirm.

The Pushmataha County Abstract Company (PCAC) was owned and operated by Westmoreland family members from as early as 1913 until 1946 at which time other individuals began leasing the building, the abstract books and indices from the Westmoreland family. In 1983, G.W. and Patricia Denney, appellants, joined J.B. and Zuellia Denney in leasing the assets from the Westmoreland family. J.B. and Zuellia Denney had been leasing the same since 1956.

In 1984, when the Oklahoma Abstractors Law, 74 O.S.Supp.1984, § 227.10 et seq., took effect, G.W. Denney, as manager of PCAC, applied to the Auditor for a Certificate of Authority, and the Auditor issued Certificate of Authority No. 100 to PCAC.

In 1985, Earl E. and Harry Westmoreland, appellees, inherited the business and its assets and continued leasing the same to the four Denneys. In March, 1988, G.W. and Patricia Denney entered another lease, this time as the sole lessees. During the relevant time period, the Certificate of Authority was properly renewed by Denney in his capacity as manager/lessee. The Westmorelands urged the Denneys to purchase the abstract company, but an agreeable price was never reached.

On October 22, 1988, the Westmorelands sold the business to an entity incorporated in Oklahoma under the name "Pushmataha County Abstract Company, an Oklahoma corporation" (Corporation). Corporation filed a bill of sale and an "Application for Transfer of Certificate of Authority" with the Abstract Division of the Auditor's office. As was the Auditor's custom when abstract companies were sold, the division transferred PCAC's Certificate of Authority No. 100 to the new owner, Corporation. Later, Corporation filed an application for a new certificate, and the Auditor issued Certificate of Authority No. 148 to Corporation, canceling Certificate of Authority No. 100.

When the Denneys learned of these developments, they filed a complaint with the Auditor claiming that they should have received notice of the transfer and cancellation of Certificate of Authority No. 100 as well as the application for new Certificate of Authority No. 148. The Westmorelands intervened in the proceedings. The parties agreed that the crucial issue was who held Certificate of Authority No. 100. The hearing board determined the Westmorelands owned the certificate along with the abstract plant and assets of the business. As such, it was properly transferred to Corporation upon sale of the business. The board further held that since the Denneys did not hold or own the certificate, they were not entitled to notice under the statutes.

The Denneys appealed this determination to the Auditor under the Administrative Procedures Act, 75 O.S.1981, § 301 et seq. They then moved to disqualify the Auditor from hearing the appeal under provisions of the same act. The motion was denied, and the Auditor upheld the hearing board determination in a lengthy and detailed order. The Denneys then appealed to the district court for review of the Auditor's order. The district court sustained the Auditor's order, and the Denneys perfected this appeal.

■ This Court recently considered the appeal of an order entered by the Auditor in his capacity as administrator of the Oklahoma Abstractors Law in *Abstracts of Oklahoma, Inc. v. Payne County Title Co.*, 825 P.2d 1334 (Okla.1992). Therein, we summarized the standard of review in such cases as follows:

"A court of review may not substitute its own judgment for that of an agency, particularly in the area of expertise which the agency supervises. * * * *If the facts determined by the administrative agency are supported by substantial evidence, and the order is otherwise free of error, the decision of the agency must be affirmed.*" [Quoting *Tulsa Area Hosp. Council, Inc. v. Oral Rob-*

*erts Univ.,* 626 P.2d 316, 320 (Okla.1981) ] (Emphasis supplied) *See also: Toxic Waste Impact Group, Inc. v. Leavitt,* 755 P.2d 626, 630 (Okla.1988).

■ We have reviewed the entire record as well as the Auditor's final order. The findings of fact made by the Auditor are supported by substantial evidence. Therefore, the district court did not err in affirming those findings of fact. Hence, we need only determine if some error of law was made in the Auditor's conclusions of law. Our review discloses no reversible error of law.

Before determining who owned Certificate of Authority No. 100, which is the primary question in this appeal, we must address the Denneys' first assertion that the order issued by the Auditor was not in proper form. Prior to the hearing board's decision, the Denneys submitted a detailed "Proposed Findings of Fact and Conclusions of Law." Neither the hearing board nor the Auditor ruled on each of the Denney's proposed findings, and the Denneys contend that such failure violates the mandates of 75 O.S.1981, § 312 and Rule No. 14 of the Rules and Regulations Governing the Oklahoma Abstractors Law as adopted by the Auditor. They cite *Roussel v. State of Oklahoma ex rel. Grimes,* 614 P.2d 53 (Okla.1980), in which this Court unanimously held:

> "The provisions of 75 O.S. § 312 provide that final orders in an individual proceeding which are adverse to a party shall be in writing and shall contain specific findings of fact and conclusions of law. We hold that this Section is applicable in all cases in which a final order adverse to a party in an individual proceeding is issued...." 614 P.2d at 58.

Yet, the Court further noted the underlying rationale for this requirement was:

> "to enable reviewing courts to intelligently review the orders of administrative agencies and ascertain if the facts and law upon which the order is based afford a reasonable basis for the order."

We find that the Auditor's order contains sufficient specific facts and conclusions to meet the requirements of § 312, and we will not reverse the order on that ground.

The Denneys argue Certificate of Authority No. 100 was issued to G.W. Denney rather than to PCAC. If he was the holder of the certificate, then under 74 O.S.Supp. 1984, § 227.22, he was entitled to notice and a hearing before Certificate of Authority No. 100 could be canceled. Furthermore, under 74 O.S.Supp.1984, § 227.17, if Denney held a certificate, he was entitled to notice of Corporation's application for a certificate of authority in Pushmataha County. However, we find, as did the hearing board, the Auditor, and the district court, that Denney neither held the certificate nor was entitled to notice.

The Auditor found that Certificate of Authority No. 100 had always been in the name of PCAC and that when Denney applied for a certificate of authority, he did so in order for PCAC to be grandfathered under the 1984 enactment of the Oklahoma Abstractors Law. The substantial evidence supports this finding of fact. Indeed, the evidence indicates that PCAC has held a certificate of authority since such certificates were first required by the Oklahoma Legislature.

A certificate of authority was first issued to PCAC around 1913 by the Pushmataha County Clerk and PCAC held one from that time to 1984 when the new legislation required abstract companies to apply to the Auditor for certificates of authority. The Denneys cannot and do not refute this fact.

In 1984, G.W. Denney applied to the Auditor for a certificate *as manager and lessee of PCAC,* and Certificate of Authority No. 100 was then issued in the name of PCAC. Each subsequent renewal was requested by Denney as manager/lessee of PCAC, and each renewal was made in the name of PCAC. Likewise, the Auditor issued the certificate in the name of PCAC each time. Again, the Denneys do not refute these facts.

Rather, they argue that the certificate, though issued in PCAC's name, was held by G.W. Denney because he applied for it, paid the requisite fee, and purchased the bond mandated by statute. They further assert PCAC is merely a fictitious name which they were required to use pursuant

to the lease, and the company which the Westmorelands own is nothing more than the building, set of indices and equipment leased by the Westmorelands to the Denneys. All of these arguments are mooted by the simple fact that PCAC was a recognized entity under the provisions of the lease and that the Westmorelands owned PCAC. Hence, PCAC is much more than a fictitious name. The parties understood that PCAC was an abstract company or business owned by the Westmorelands and leased to the Denneys, and this understanding was documented in the lease.

Regardless of who applied for or paid the fee for the certificate of authority, the lease agreement indicates that the intentions of the parties were to have ownership of the abstract business, including the abstract plant and the name "PCAC," to remain with the Westmorelands. The Westmorelands leased the use of the abstract plant and name to the Denneys who merely operated the business, acquiring ownership over none of the assets.

The Auditor determined that Certificate of Authority No. 100 was held by PCAC, and not by the Denneys. The trial court found sufficient basis in the record and law to affirm the Auditor's order. The facts of the case, the provisions in the lease, and the relevant statutory law support this determination, and we will not disturb it on appeal. *Abstracts of Oklahoma, Inc. v. Payne County Title Co., supra.*

Since the Denneys were not the holders of the certificate of authority, they were not entitled to notice of the cancellation of Certificate of Authority No. 100 or of the application of Corporation for a new certificate of authority. 74 O.S.Supp.1984, §§ 227.17 and 227.22. Hence, the Denney's fourth proposition concerning notice is without merit.

■ In their sixth proposition, the Denneys assert the hearing board erred in refusing to admit into evidence six exhibits offered by the Denneys to show that they were operating PCAC rather than the Westmorelands. The question of who was operating the abstract business was irrelevant because the evidence was clear that the Denneys had leased the business from

the Westmorelands and were operating it. The fact that the Denneys were operating PCAC bears no significance upon who held Certificate of Authority No. 100, and the hearing board did not err in disallowing the evidence on relevancy grounds. 75 O.S. 1981, § 310(1); 12 O.S.1981, §§ 2401 and 2402; *Messler v. Simmons Gun Specialties, Inc.,* 687 P.2d 121 (Okla.1984).

■ Next, the Denneys argue the Auditor should have disqualified himself from hearing the appeal of the hearing board's decision. They base their argument on the fact that the Auditor intervened in the cause brought by the Denneys, was a party to the proceeding before the hearing board, was represented by counsel at that hearing, and has intervened on behalf of the owners of Corporation in litigation involving other abstract companies. Moreover, one of the members of the hearing board appointed by the Auditor is an attorney who is now representing the Auditor on this appeal.

While some of these circumstances were, without question, unusual and this Court would not recommend these practices, there is nothing in the record to support the Denneys' underlying contention—that they received less than a fair trial or were prejudiced thereby. Hence, we find no error in the Auditor's refusal to disqualify himself in the review of the hearing board determination.

The Denney's third proposition concerns the transfer of Certificate of Authority No. 100 to Corporation. They argue that a certificate of authority cannot be transferred from one entity to another. The record indicates that Corporation complied with all regulations when it applied for the new Certificate of Authority No. 148. From all indications, Corporation now has a valid certificate of authority to operate its abstract business in Pushmataha County. Impropriety, if any, of the transfer is no longer relevant. Since, Certificate of Authority No. 100 was never held by the Denneys, and since Corporation now has a certificate of authority, any question concerning transfers is now moot.

**1146**

In their fifth proposition, the Denneys argue for this Court to revoke Corporation's certificate of authority on the grounds that irregularities on Corporation's application to transfer Certificate of Authority No. 100 indicate fraud was practiced upon the Auditor.

The Auditor is empowered by 74 O.S.Supp.1984, § 227.13(5) to suspend, revoke or reinstate such certificates "upon good cause shown," and § 227.22(A)(1) and (3) of that title state that a certificate of authority should be revoked if after a hearing the Auditor finds that "any untrue statement" was made in the application for a certificate of authority or the entity attempted to obtain the certificate "through fraud and misrepresentation." The record does not show that such a hearing has taken place. Furthermore, there is no indication that this specific complaint was made to the Auditor. The complaint filed by the Denneys requests the certificate issued to Corporation be revoked for other reasons. The action called for by the Denneys is premature as administrative remedies have not been exhausted. *Ledbetter v. Alcoholic Bev. Laws Enforcement Comm.*, 764 P.2d 172 (Okla.1988)

For the above and foregoing reasons, the judgment of the district court is AFFIRMED.

HODGES, V.C.J., and LAVENDER, HARGRAVE, SUMMERS and WATT, JJ., concur.

ALMA WILSON and KAUGER, JJ., concur in part, dissent in part.

OPALA, C.J., dissents.